SAMUEL P. SMITH *vs*. CALIFORNIA INSURANCE COMPANY.

York.    Opinion March 13, 1893.

*Verdict.    New Trial.    Insurance.*

Where the evidence, viewed in the light of the circumstances surrounding the whole transaction so strongly preponderates against the party in whose favor a verdict has been rendered as to amount to a moral certainty that the jury erred, in the conclusion reached by them, a new trial will be granted.

ON MOTION AND EXCEPTIONS.

The case is stated in the opinion.

The view expressed by the court upon the motion renders a report of the exceptions unnecessary.

*E. M. Rand*, for plaintiff,

*E. Stone* and *R. P. Tapley*, for defendant.

FOSTER, J.   The plaintiff recovered a verdict of $1648.80 upon a Massachusetts standard policy of insurance issued to him on the sixth day of November, 1888, for $1500 upon property in a detached frame dwelling-house situated in the outskirts of the village of Woburn in the commonwealth of Massachusetts.

The case comes before the court upon motion by the defendant to set aside the verdict and upon exceptions.

The defense interposed by the pleadings and relied on at the trial, was an absolute denial of the company's liability to pay any amount, on the ground that the plaintiff had been a party to causing the fire, and had been guilty of fraud, and therefore was not entitled to recover at all.   Whatever, therefore, may have been the legal effect of this position as bearing upon that provision in the policy relating to arbitration in reference to the amount to be recovered, in case of loss, and failure of the parties to agree upon the same (*Robinson* v. *Ins. Co.* 17 Maine, 131; *Wainer* v. *Ins. Co.* 153 Mass. 335), it is unnecessary now to determine, inasmuch as we are satisfied that the motion should be sustained and the verdict set aside.   The contract was made in Massachusetts with the plaintiff, a citizen of that State at the time.

The evidence from beginning to end discloses a most flagrant conspiracy to defraud the defendant company. The plaintiff, while perhaps not so active a participant in the details of this conspiracy as his brother, who is now serving sentence in the Massachusetts penitentiary for this crime, (*Com.* v. *Smith et als.* 151 Mass. 491,) or the other party who has fled his country to escape the law, appears to have been acting in conjunction with them in this fraud.

The evidence, viewed in the light of the circumstances surrounding the whole transaction, so strongly preponderates against the plaintiff upon points vital to the result as to amount to a moral certainty that the jury erred in the conclusion reached by them.

It is practically impossible within the reasonable limits of an opinion to give any analysis or even extended summary of evidence introduced, nor would it subserve any practical purpose beyond a decision in this particular case.

*Motion sustained. New trial granted.*

PETERS, C. J., WALTON, LIBBEY and HASKELL, JJ., concurred.