MODERN MATCH CO. *v.* BALTIMORE & OHIO RAILROAD CO.

1. CARRIERS—CARRIAGE OF GOODS—DELIVERY TO CARRIER—CONDITION OF GOODS.

In an action against a connecting carrier for damages arising from injuries to goods while in transit, evidence that they were in good condition when loaded on the car, and that defendant receipted for the car as in apparent good condition when it reached defendant's road, tends to show that the goods were in good condition when received by defendant.

2. SAME—NEGLIGENCE—EVIDENCE—QUESTION FOR JURY.

In an action against a carrier for damages arising from injuries to goods while in transit, evidence examined, and *held*, that the question of the carrier's negligence in handling the car in which they were loaded was for the jury.

3. SAME—HARMLESS ERROR.

Where, in an action against a carrier for damages to matches transported, due to the rough handling of the car, causing the matches to ignite, and due to the use of water in excessive quantities in quenching the flames, the jury did not award damages due to the use of the water, an error in submitting the question of the carrier's negligence in the use of water in putting out the fire was harmless.

4. SAME—EVIDENCE—RECORDS—ADMISSIBILITY.

The books of a railroad company, in which are entered, in the regular course of business, the movements of cars, are admissible to show that a car was delivered and receipted for at a transfer point in good condition.

Error to Wayne; Frazer, J.   Submitted April 6, 1905. (Docket No. 22.)   Decided June 29, 1905.

Case by the Modern Match Company, Limited, against the Baltimore & Ohio Railroad Company for damages to goods while in transit.   There was judgment for plaintiff, and defendant brings error.   Affirmed.

*Clark, Jones & Bryant*, for appellant.

*Maybury, Lucking, Emmons & Helfman*, for appellee.

MONTGOMERY, J.   Under a bill of lading exempting the carrier from loss of damage by fire, plaintiff shipped a carload of matches over defendant's road.   The parties are agreed that this exemption by contract relieves the defendant from liability as an insurer, but that it does not relieve defendant from liability for its negligent conduct. The case was submitted to the jury on this theory.   The negligence alleged was of two classes:  (1) Rough handling of the car, causing the matches to ignite; and (2) the unnecessary use of water in excessive quantities in quenching the flames.   The defendant contends that there was no evidence of negligence in handling the car.   The plaintiff's testimony tended to show that the matches were packed in cartons which were air-tight, that these cartons were packed in pine boxes securely nailed, and that the matches could not have ignited unless these boxes were broken open, and the matches scattered.   The evidence was that they were so found.   There was testimony that after the car came into the defendant's possession, and prior to reaching Cumberland, the two couplers at either end of the car were cracked so that they had to be replaced.   It is contended that plaintiff failed to show that the matches were in good condition when received by defendant road.   How is this to be shown?   Plaintiff did show that they were in good condition when loaded, and that the car was receipted for in good condition when it reached defendant's road.   The testimony tending to establish that the car was in good condition when it reached defendant's road, would also tend to show that the matches were in the same condition as when shipped. There was evidence which strongly tended to show that nothing short of very rough treatment would have broken the boxes and scattered the matches.   It was open to the jury to find that the car was subjected to such treatment after it came into the hands of defendant company.

We do not overlook the contention that the evidence fails to show that the couplers were cracked after the car came into defendant's possession, but we think the testimony that the car was receipted for in good condition, when considered in connection with the testimony of the C., H. & D. agent that, if the car had not been in good condition, that fact would have been noted, was sufficient to present a question for the jury. The contention that there was not sufficient evidence of defendant's negligence to carry the case to the jury must be overruled. This view is entertained in full recognition of the rule that the burden rested upon the plaintiff to show that defendant was negligent.

Complaint is made of the manner of submitting to the jury the question of defendant's negligence in the use of water in putting out the fire when discovered, and it is further contended that that question should not have been submitted to the jury at all. It is manifest from the amount of the verdict that the jury found negligence in causing the fire, and did not award damages for negligence in the use of water in extinguishing the fire.

Objection to the records of the railroad agents showing shipment of the car in good condition was made. The case of *Meyer* v. *Brown*, 130 Mich. 449, answers this objection.

Error is assigned upon the argument of counsel. In view of the court's charge, we find no prejudicial error committed in this regard. Nor do we think any prejudicial error has been pointed out in the judge's charge.

The judgment is affirmed.

Carpenter, McAlvay, Grant, and Hooker, JJ., concurred.