J. H. WORDEN LUMBER & SHINGLE CO. *v.* MINNEAPOLIS,
ST. PAUL & SAULT STE. MARIE RAILWAY CO.

1. EVIDENCE—BURDEN OF PROOF—TRIAL.

Too high a degree of proof is required of a plaintiff by instructions to the jury that plaintiff had the burden of proof, and must establish the issue by a preponderance of the evidence clear and well defined, and must prove to the satisfaction of the jury the claim made.

2. SAME—BOOKS—INSPECTION.

It was not error to admit in evidence books of defendant, kept in the usual course of defendant's business, showing that the grates, ash pan, dampers, and netting of its locomotive which plaintiff claimed set a fire, were inspected and found in proper condition on the day after the fire.[1]

3. SAME—WEATHER REPORTS—REMOTENESS.

Weather reports from stations on either side of the fire, but at considerable distances therefrom, should not have been admitted in evidence without supporting testimony to show that they tended to indicate the direction of the wind at the place of the fire.

4. TRIAL—WITNESSES—CROSS-EXAMINATION.

Wide latitude in the cross-examination of plaintiff's chief witness was permissible.

5. TRIAL—ARGUMENT—IMPROPER CONDUCT OF COUNSEL.

It was reversible error for defendant's counsel, in an action for negligently causing a fire, to persist in bringing to the attention of the jury the fact that plaintiff was insured after the court had ruled it out.

Error to Chippewa; Steere, J.   Submitted June 23, 1911.   (Docket No. 101.)   Reargued October 16, 1911. Decided December 29, 1911.

Case by the J. H. Worden Lumber & Shingle Company against the Minneapolis, St. Paul & Sault Ste.

---

[1] Presumption as to negligence in case of railroad fires, see notes in 15 L. R. A. 40; 5 L. R. A. (N. S.) 99.

Marie Railway Company for negligently setting ·fire to plaintiff's property.  Judgment for defendant.  Plaintiff brings error.  Reversed.

*Albert E. Sharpe* and *Barger & Hicks*, for appellant.

*E. S. B. Sutton* (*A. H. Bright* and *Warner & Sullivan*, of counsel), for appellee.

BLAIR, J.  This is an action, brought by insurers in the name of plaintiff, the insured, to recover damages for the alleged negligent destruction of property by fire set by one of defendant's engines.

The declaration consists of four counts.  It is alleged in each count that on August 3, 1908, a large stock of lumber, etc., valued at $70,000, and a dwelling house, valued at $500, belonging to the plaintiff and situated adjacent to the defendant's line of railroad at Dick, in Chippewa county, were destroyed by a fire which was communicated thereto by sparks of fire from a passing locomotive engine of the defendant, by reason of defendant's negligence.  The negligence charged in the first count is the improper and insufficient equipment of the locomotive for the prevention of fires from sparks therefrom; in the second, the bad and improper state of repair and condition of the locomotive and the spark-arresting devices, smokestack, and other appliances thereof; in the third, the im· proper and negligent handling and· management of the locomotive; and the fourth count is based on section 6295, 2 Comp. Laws, and alleges the destruction of the property by fire from the locomotive, for which defendant is liable by virtue of said statute.  The trial resulted in verdict and judgment for defendant, to reverse which plaintiff prosecutes this writ of error.

The errors relied upon for reversal are as follows:

(1) That the court below erred in his charge to the jury, in requiring of the plaintiff that it establish to the satisfaction of the jury, by preponderance of evidence, clear and well defined, the fact that the locomotive of defend-

ant set the fire, and in requiring the jury to first find the fire was set by the locomotive before entering upon a consideration of the evidence as to the condition and management of the locomotive at the time.

(2) That the court below erred in admitting in evidence the memorandum of alleged inspection of the locomotive after the fire, purporting to show its condition at that time.

(3) That the court below erred in admitting in evidence the records of the weather bureau at Sault Ste. Marie and Escanaba, purporting to show the direction of the wind at those points at different hours of the day of the fire.

(4) That the court below erred in permitting defendant's witness Nelson Cray to testify to alleged statements, claimed to have been made to him by plaintiff's witness J. W. Myers some time after the fire, regarding the origin of the fire, and statements claimed to have been made by Myers to Cray, relating to conversations between Myers and certain insurance adjusters concerning the origin of the fire.

(5) That the court below erred in permitting the introduction of evidence relating to insurance on the property destroyed; and that defendant's counsel further improperly brought the same subject before the jury by persistent questioning of witnesses on the subject and statements in argument to the court and to the jury.

1. The court instructed the jury as follows upon this subject:

" Now, upon the first question, which is, of course, the one which you should first take up and determine, the burden of proof is on the plaintiff, the party bringing the suit, to establish that sparks from this engine set the fire which consumed the lumber; and by 'burden of proof' we mean a preponderating, overweighing, or overbalancing of that in the testimony which tends to prove the truth or falsity of the matter which you have under consideration. If the testimony upon a question which you are deciding was just evenly balanced, as much in favor of it as there was against it, there would be no preponderance, and in that case the jury must necessarily decide in the negative; but if there is, in the mind of the jury, an overweighing, or preponderating, or overbalancing, of the testimony in favor of a proposition, clear and well defined, even though not beyond a reasonable doubt,

the jury would have a right to find a verdict in favor of the proposition.   Now, the fact that this engine set this fire must be proven to your satisfaction, before you go further. It need not necessarily be proven by the testimony of any eyewitness—any person testifying that he saw it set—but by facts and circumstances proven in the case to your satisfaction, which furnish evidence which reasonably leads an unbiased and inquiring mind to the conclusion that a cinder from that particular locomotive caused this fire. Under the law, the evidence is not sufficient, if it establishes no more than that the fire might have been so set. The jury must find that the testimony preponderates upon that proposition, and should be satisfied that it was so set."

This instruction required a higher degree of proof than the law requires, and was therefore erroneous.  *Hoffman* v. *Loud*, 111 Mich. 156 (69 N. W. 231);  *Walsh* v. *Taitt*, 142 Mich. 127 (105 N. W. 544).

2. The memorandum in question was two pages of a book produced by defendant, and purported to show the examination of the locomotive in question on the morning following the fire.   One page read as follows:

"Aug. 4th.   No. of engine 29; condition of grates, ash pan and dampers, good.   By whom examined:  N. Matheson."

The other page was as follows:

"Aug. 4th.   No. of engine, 29; condition of netting, good.   By whom examined:  N. Matheson."

The book was kept in the usual course of defendant's business, and the entries were properly admitted.  *Meyer* v. *Brown*, 130 Mich. 449 (90 N. W. 285);  *Modern Match Co.* v. *Railroad Co.*, 140 Mich. 570 (104 N. W. 19).

3. The court admitted in evidence certified copies of the reports of the United States Weather Bureau, showing the condition of the wind on the 3d day of August (the day of the fire), from midnight previous to midnight following, at Escanaba and at Sault Ste. Marie, against the objection that such reports were incompetent, immaterial, and too remote.   That such reports are admissible in a proper case we have no doubt.  *Hart* v. *Walker*, 100

Mich. 406 (59 N. W. 174). But, in the absence of testimony tending to show that the direction of the wind at Escanaba, about 120 miles west of Dick, and at Sault Ste. Marie, about 40 miles east of Dick, had some tendency to show the direction of the wind at Dick, we think such records were not admissible.

4. The assignments of error included under this head are the ninth, sixteenth, and eighteenth, which are as follows:

"The court erred in permitting leading and suggestive questions to be put to the witness Cray; the testimony referred to being the following question, and other similar questions following it in the record:

" 'Q. Did Mr. Myers, on that occasion, when you were there on the 18th of December, 1908, at Dick, say to you that the fire occurred between two lumber piles about 70 feet north of the track, and a little east of the switch, or words to that effect ?'

"(Objected to as leading, and that witness should state his own recollection of it first, before the words were put into his mouth."

"The court erred in permitting leading questions to be put to the witness Cray, relative to certain conversations which he claimed to have had with the witness Myers, relative to insurance and the cause of the fire."

"The court erred in permitting the witness Myers to be interrogated, relative to a certain conversation with witness Cray regarding insurance upon the property burned, and the statements of Myers made to Cray some time after the fire, relative to his theory as to the cause of the fire, and his conversation with insurance adjusters relative to it."

Mr. Myers was plaintiff's general superintendent at the time of the fire, was present at the station when the train came in, and gave very important testimony covering plaintiff's entire cause of action, and great latitude was permissible on his cross-examination. We find no error on the part of the court relative to such cross-examination.

As to the examination of Mr. Cray, defendant's claim agent, appellant's brief alleges, "These matters were brought out under the subterfuge of attempting to im-

peach Myers;" and it is contended, among other things, that no proper foundation was laid for the impeaching questions. This point is not raised by the exceptions and assignments of error, and the trial judge, on the only occasion when the objection was made that Myers had not been interrogated upon the particular subject, struck out the answer. As the record stands, there was no prejudicial error in the court's rulings.

5. We think it was reversible error for the defendant's counsel to persist in bringing the subject of insurance to the attention of the jury after the court had ruled it out. *Peter* v. *Railway Co.*, 121 Mich. 324 (80 N. W. 295, 46 L. R. A. 224, 80 Am. St. Rep. 500).

The judgment is reversed, and a new trial ordered.

Ostrander, C. J., and Moore, McAlvay, Brooke, and Stone, JJ., concurred.

Bird and Steere, JJ., did not sit.