SILVERSTONE v. LONDON ASSURANCE CORPORATION.

1. VENUE—MOTIONS—CHANGE OF VENUE.
   Change of venue for the convenience of parties or wit-
   nesses is discretionary with the trial court, and an order
   denying the motion may only be reviewed in case of a
   clear abuse of discretion.

2. SAME.
   Accordingly, it was not reversible error to deny a motion
   for change of venue from St. Clair to Wayne county, in
   an action on certain fire insurance policies, upon defend-
   ant's showing that its witnesses were in the city of De-
   troit, that plaintiff resided there, and the expense of
   bringing the witnesses to the St. Clair circuit would be
   considerable, where plaintiff filed a showing that defend-
   ants had made threats to delay the case, to annoy plain-
   tiff, and that in the Wayne circuit, a year or upward
   would elapse before the cause could be reached, that
   many of defendant's witnesses were insurance men who
   were away from home much of the time and could easily
   attend a trial in St. Clair county.

3. INSURANCE—TRIAL—BURDEN OF PROOF—INSTRUCTIONS.
   In an action for a loss under insurance policies covering
   plaintiff's stock of merchandise, which defendant claimed
   and produced evidence tending to show plaintiff had set
   on fire, it was erroneous to charge that "unless the de-
   fendant has produced proof that clearly convinces you
   that plaintiff purposely caused the fire," the defense was
   not established.

4. SAME.
   Where there was evidence of suspicious circumstances sur-
   rounding the fire, and plaintiff was the last person in
   the store before the fire broke out, and there was testi-
   mony of plaintiff's financial embarrassment, and exces-
   sive claim of loss, it was a question of fact for the jury
   to determine whether he caused the loss.

5. EVIDENCE—BURDEN OF PROOF—PREPONDERANCE OF EVIDENCE.
   The jury need not be clearly convinced that plaintiff started
   a fire which caused a loss on his insured property; he is
   not entitled to recover if defendant establishes its de-

fense to an action on the policy by a preponderance of
the evidence.

6. TRIAL—CHARGE—CONTRADICTORY INSTRUCTIONS.
If conflicting instructions are given to the jury, it will be
presumed that they may have followed that which was
erroneous, and the verdict will be set aside, on error.

7. FRAUD—CROSS-EXAMINATION—LIMITATION.
In cases involving a charge of fraud, wide latitude should
be allowed on cross-examination of the party charged with
the unlawful conduct.

8. TRIAL—REQUESTS TO CHARGE—INSTRUCTIONS.
The trial court is not required to give requests to charge
that single out a particular transaction or the testimony
of a particular witness; if the matter is covered by a gen-
eral charge which brings the entire evidence upon the
given subject to the attention of the jury, the appellant
may not complain.

Error to St. Clair; Tappan, J. Submitted June 6,
1913. (Docket Nos. 12, 13, and 14.) Decided July
18, 1913.

Assumpsit by Morris M. Silverstone against the
London Assurance Corporation. Actions against the
Northern Assurance Company, Limited, of London,
and against the Sovereign Fire Assurance Company
of Canada were consolidated by stipulation and tried
with said cause. Judgment for plaintiff. Defendants
bring error. Reversed.

*Bernard B. Selling* and *James A. Muir,* for appel-
lants.

*Walsh & Walsh,* for appellee.

STONE, J. Writs of error in the above-named cases
were sued out to review judgments for the plaintiff
for the full amount insured in the several policies in-
volved in the circuit court for the county of St. Clair.
The three cases were by stipulation tried together.
The amount of insurance involved here is $5,000;
$4,600 on stock in trade and $400 on fixtures. This

insurance was divided as follows:  The London Assurance Corporation, $1,600 on stock and $400 on fixtures.  Policy issued April 11, 1911.  The Sovereign Fire Assurance Company of Canada, $1,000 on stock.  Policy issued September 30, 1911.  The Northern Assurance Company, Limited, of London, $2,000 on stock.  Policy issued September 30, 1911.

The stock (millinery, hair goods, notions, etc.) and fixtures covered by the policies were contained in the downstairs of the store building 450 Gratiot avenue, city of Detroit.  The upstairs was occupied by third persons as a dwelling.  The fire occurred on Saturday, January 13, 1912, at about 11:10 p. m.  No question is raised upon the pleadings.  The defenses asserted by the defendants are:  *(a)* Wilful burning by the insured; and *(b)* wilful false swearing.

The evidence shows that the plaintiff resided in the city of Detroit and that he first commenced business in that city in the spring of 1908, renting a store at 378 Gratiot avenue.  About a year after, he moved into the upper story of the last-mentioned building and resided there with his family.  There was a barn upon the premises, which the plaintiff claims he used for the purpose of storing his goods, and that some were stored in the dwelling above the store.  Plaintiff opened the additional store, called the "New Store," 450 Gratiot avenue, in the month of April, 1911, and from that time on until the fire in question he occupied and ran both stores.

The testimony in the cases is very voluminous and covers the entire period in which the plaintiff was engaged in business in the city of Detroit.  During this period the plaintiff made numerous statements to the banks with which he dealt and to commercial agencies with reference to his financial condition, especially while conducting the store at 378 Gratiot avenue.  It was the claim of the plaintiff upon the trial that previous to the opening of the store at 450

Gratiot avenue he had goods stored in the barn upon the premises at 378 Gratiot avenue and upstairs in the dwelling, varying in value from $2,500 to $4,000, and that these goods were not embraced in any of the above-mentioned statements. This stock he called his "reserve stock;" that after the opening of the store at 450 Gratiot avenue he moved into it the reserve stock which had been stored in the barn and dwelling house above referred to and bought other goods; and he gave evidence to show that the value of his stock at 450 Gratiot avenue at the time of the fire was upwards of $7,000, exclusive of the fixtures.

After the defendants had entered the plea of the general issue, with notice thereunder of special matter, they made a motion for a change of venue to the Wayne circuit court. This motion was based upon affidavits showing that the defendants were foreign corporations; that the plaintiff was a resident of the city of Detroit; that the witnesses in the cases, both for plaintiff and defendants, were residents of the city of Detroit; and that the expense of bringing witnesses to the St. Clair circuit would be large. The plaintiff filed an affidavit in opposition to the motion, in which, among other things, he swore that soon after the fire representatives of the defendants had threatened to cause the plaintiff trouble and annoyance, and also that they had threatened his arrest, and had circulated reports concerning plaintiff which had resulted in injuring his credit and standing in the city of Detroit; that they threatened that if he did not settle for a small amount they would delay the cases he might commence so as to keep him out of his money as long as possible, and had stated that they would keep the cases in court for several years. The affidavit further stated that it took fully a year after the commencement of a case in the Wayne circuit court before it could be reached, and that generally a case was not tried there within a year and a half after its

commencement; that plaintiff had employed counsel residing at Port Huron, where the St. Clair circuit court was held, and where the condition of the docket was such that the cases could be reached within a few months after being commenced there, and that Port Huron was a place easy of access from Detroit; that many of the witnesses of defendants were insurance men, and, while some of them made Detroit their headquarters, still they were away from home much of the time and could attend the trial in St. Clair county without inconvenience, and that plaintiff's financial condition was such that a speedy trial was important to him.  This affidavit was met by an affidavit of the defendants showing that cases were frequently advanced for trial in the Wayne circuit court, and many other circumstances tending to show that trials in the Wayne circuit court could be seasonably reached.  This motion was submitted to the circuit court and denied.  Exception was taken by defendants, and it is made the basis of the first assignment of error.

1. This matter seems to us to have been one within the fair judicial discretion of the trial judge, and, unless it can be said that that discretion was abused, this action of the circuit judge should be affirmed.  It will be noted that this motion was made after the defendants had pleaded in bar to the declarations, and that all of the defendants are nonresidents of the State of Michigan.

We need but cite the cases of *Haywood* v. *Johnson,* 41 Mich. 598 (2 N. W. 926); *Atkins* v. *Borstler,* 46 Mich. 552 (9 N. W. 850); and *Cofrode* v. *Wayne Circuit Judge,* 79 Mich. 332 (44 N. W. 623, 7 L. R. A. 511), to show that the provisions of section 10216, 3 Comp. Laws (5 How. Stat. [2d Ed.] § 12869), does not apply to the instant cases.

In the case of *People* v. *Swift,* 172 Mich. 473 (138 N. W. 662), it was said:

176 MICH.—34.

"In the early case of *Greeley* v. *Stilson*, 27 Mich. 153, it was said:

" 'A motion for change of venue is, unless where otherwise provided by law, a matter which rests in discretion, and is not a subject for review.'·

"It is, however, now recognized that where rulings on such motions are a clear abuse of discretion, manifestly subversive of justice, they may be reviewed and corrected on writ of error."

And we also said in *Johnson* v. *Burke*, 167 Mich. 349-354 (132 N. W. 1017), referring to *Haywood* v. *Johnson, supra,* that it appeared in that case the question was raised by motion supported by affidavit before pleading; and that, after a defendant in a transitory action had pleaded in bar of the action and submitted himself to the jurisdiction of a court of general jurisdiction, he must be held to have waived the question of jurisdiction of the person. Can we say, as matter of law, that here was a clear abuse of discretion manifestly subversive of justice?

The convenience of the parties, as well as of their witnesses, is to be considered by the court in such a case. It would appear that even in the State of New York, where the court passes upon the question as a primary one, and not simply upon the ground of abuse of discretion, it has been held that the question of delay in trial is a proper question to be considered in a motion for change of venue, and that the convenience of witnesses is not entirely subserved by the consideration of accessibility, and that the condition of the calendar and the duration of the terms are equally relevant. *King* v. *Vanderbilt*, 7 How. Prac. (N. Y.) 385; *Archer* v. *McIlravy*, 86 App. Div. (N. Y.) 512 (83 N. Y. Supp. 727). We cannot say that there was here an abuse of discretion; and, in our opinion, the court did not err in overruling the motion for change of venue.

2. We cannot undertake to quote at length from the

testimony in these cases; neither is it necessary to do so in order to consider the meritorious questions presented by the assignments of error.

It was the claim of defendants that the evidence tended to show that there were many suspicious circumstances surrounding the fire; that it was impossible that the quantity of goods claimed to have been burned could have been contained in the place covered by the fire; that there was evidence tending to show that the plaintiff's business was a losing one; that he was embarrassed in his financial circumstances and in urgent need of money at the time of the fire; that the bank with which he dealt had refused to loan him money; that he had no such quantity of goods in stock as claimed; that he sent his sole employee away from the store on the night of the fire much earlier than usual; that he followed her to the other store, and then later returned to the store at 450 Gratiot avenue, where the fire occurred; that the fire started in a remote part of the store, away from the stove, and that the plaintiff was the last person in the store before the fire; and that the fire was in a place not accessible to any one but the plaintiff at that time. It was further claimed that the plaintiff had had some difficulty with his wife, and there were many other circumstances in evidence which, it was claimed, threw suspicion upon the plaintiff and his conduct.

The circuit judge submitted the question of wilful burning to the jury in the following language:

"In considering these questions of fact I do not deem it necessary for me to particularize the proofs of the parties that may tend to support the claims of each. These have been presented to you during the trial and on the argument, and much of the material proof has thus been presented many times over. As to the question whether the plaintiff himself set fire to the building or stock, as claimed by the defendant company, you are instructed that there being no direct

proof that plaintiff caused the fire the fact can only be established by circumstantial evidence. You will recall all of these circumstances as detailed by the evidence. This includes, of course, the financial condition of the plaintiff, the statement made to the commercial agencies, the amount of stock actually in the store at the time of the fire, and all the circumstances concerning the closing of the store on the night of the fire as detailed by the evidence. In order to find that plaintiff purposely caused the fire and the consequent loss, you must be convinced that the greater weight of this circumstantial evidence establishes this fact. Unless the defendant has produced proof that clearly convinces you that plaintiff purposely caused the fire for the purpose of collecting the insurance in question, this defense has not been established. If such fact has been established by the proofs, then the case is at an end and your verdict must be for the defendant."

There was a motion for a new trial, and one of the grounds of the motion was that the court erred in instructing the jury that—

"Unless the defendant has produced proof that clearly convinces you that the plaintiff purposely caused the fire for the purpose of collecting the insurance in question, this defense has not been established."

The motion for a new trial was denied and exceptions duly entered, and the same question is raised by the assignments of error.

In his opinion overruling the motion for a new trial, the learned circuit judge in part said:

"The question as to plaintiff's setting fire to the stock in question was finally submitted to the jury despite the fact the court had concluded that the proof did not warrant it. At the close of the proofs and on discussion of the requests to charge, the court informed counsel for both parties that he did not consider the proofs sufficient to raise a question of fact for the jury on this issue. Counsel for plaintiff stated that, while he was of the same opinion, yet it might

be best to submit this question to the jury, together with all other facts and issues raised. While doubting the propriety of thus submitting a question upon which the proofs raised no issue, the matter was finally submitted. It is now my conclusion that there were no proofs received that would warrant the jury in finding that plaintiff set fire to the stock of goods as alleged, and that it is therefore wholly immaterial whether or not the instruction given correctly stated the law as to the proof required to establish the charge of arson."

After a careful reading of this entire record, we are unable to agree with this statement of opinion of the trial judge. There was, in our opinion, sufficient in the evidence to carry this question to the jury; the charge being one of fraud and misconduct on the part of plaintiff. The evidence presented peculiarly a question of fact for the jury. Without characterizing these circumstances, as claimed by the defendants, we think that they were matters to be addressed to the jury, who saw the witnesses and heard the testimony. It cannot be said that the testimony did not tend to prove the wrong claimed. *Peoples* v. *Evening News Ass'n,* 51 Mich. 11-17 (16 N. W. 185, 691) ; *Barnett* v. *Insurance Co.,* 115 Mich. 247 (73 N. W. 372).

It therefore being proper to submit this question to the jury, we are constrained to say that the court was in error in requiring a greater weight of proof than the ordinary preponderance of evidence and in requiring that the defendants should produce proof which would clearly convince the jury that plaintiff purposely caused the fire. This court said in an early case:

"There is no rule of law which adopts any sliding scale of belief in civil controversies." *Elliott* v. *Van Buren,* 33 Mich. 52 (20 Am. Rep. 668).

The following cases will be found to be controlling upon this subject: *Watkins* v. *Wallace,* 19 Mich. 57-

77; *Elliott* v. *Van Buren, supra; Peoples* v. *Evening News Ass'n, supra; Monaghan* v. *Insurance Co.,* 53 Mich. 238-255 (18 N. W. 797); *Ferris* v. *McQueen,* 94 Mich. 367 (54 N. W. 164); *Gumberg* v. *Treusch,* 103 Mich. 543-555 (61 N. W. 872); *Hoffman* v. *Loud,* 111 Mich. 156-158 (69 N. W. 231); *McNaughton* v. *Smith,* 136 Mich. 368 (99 N. W. 382); *Arnold* v. *Harris,* 142 Mich. 275-278 (105 N. W. 744); *Walsh* v. *Taitt,* 142 Mich. 127-132 (105 N. W. 544); *J. H. Worden Lumber, etc., Co.* v. *Railway Co.,* 168 Mich. 74-77 (133 N. W. 949); *Madill* v. *Currie,* 168 Mich. 546-560 (134 N. W. 1004).

But it is contended by plaintiff's counsel that the entire charge, when taken together, stated the law correctly, and our attention is called to the following excerpt:

"To establish these defenses, or either of them, the defendant company is in duty bound to produce a preponderance or greater weight of evidence and such proofs as convince your minds that plaintiff is guilty of such fraud and burning as voids the policy and prevents recovery."

If it were to be conceded that the rule is here stated correctly, this court has frequently held that when conflicting charges are given, one of which is erroneous, it is to be presumed that the jury may have followed that which was erroneous, and the verdict will be reversed. *Grand Rapids, etc., R. Co.* v. *Monroe,* 47 Mich. 152-154 (10 N. W. 179); *Madill* v. *Currie, supra.* We are constrained to hold that the portion of the charge covered by the exception and assignment of error above referred to constituted prejudicial error, for which the cases must be reversed.

3. We have examined the assignments of error relating to the cross-examination of witnesses and are of opinion that the trial court applied too strict a rule in the cross-examination of the plaintiff and his wife

by defendants' counsel, relating to plaintiff's conduct. Where fraud is charged, a great latitude in cross-examination should be allowed. *Barnett* v. *Insurance Co., supra.* We refer particularly to assignments of error 14, 15, and 23.

4. While the trial court refused to give certain of the requests of defendants' counsel which are complained of in the assignments of error, an examination of the entire charge shows that the questions covered by the requests were fairly submitted to the jury, and we do not think it was the duty of the court to single out a particular transaction, or the testimony of a particular witness in the case, but that it is better practice to challenge the attention of the jury carefully to the entire evidence upon the subject. This seems to have been done by the trial court. We find no other reversible error in the record.

For the error in the charge above pointed out, the judgment in each case is reversed, and new trials are granted.

STEERE, C. J., and MOORE, McALVAY, BROOKE, KUHN, OSTRANDER, and BIRD, JJ., concurred.