# CHARLESTON.

C. M. COPEN *v.* NATIONAL BEN FRANKLIN FIRE INSURANCE COMPANY

(No. 6499)

Submitted September 17, 1929.   Decided September 24, 1929.

*Steptoe & Johnson* and *James M. Guiher* and *William J. Maier, Jr.,* for plaintff in error.

*A. M. Belcher,* for defendant in error.

LITZ, JUDGE:

The plaintiff, C. M. Copen, obtained a verdict and judgment of $1553.90 against the defendant, National Ben Franklin Fire Insurance Company, in the court of common pleas of Kanawha county, for loss under two fire insurance policies issued by the defendant to the plaintiff, one for $500.00 dated October 1, 1925, insuring a piano belonging to the plaintiff, and the other for $1,000.00 dated April 7, 1926, covering the

remainder of his household furniture. The judgment having been affirmed by the circuit court, the defendant obtained this writ.

The specifications of defense charge violation of the policies, barring recovery, 1) that the fire causing the loss was of incendiary origin traceable to the plaintff; (2) that the piano was encumbered by a conditional sales contract in violation of the provision in the policy relieving the defendant of liability for loss or damage to the property while encumbered by a chattel mortgage; (3) that the plaintiff had sworn falsely in his proof of loss in fixing the value of the property, in stating that it was not encumbered, and in stating that he did not know the origin of the fire; and (4) that the loss occurred while the hazard was increased by means within the control or knowledge of the plaintiff.

The fire causing the loss started about two A. M., August 12, 1926, on the inside of a four-room dwelling house in Charleston occupied by the plaintiff, his wife and child as tenants. The defendant adduced evidence tending to prove that the fire was of incendiary origin; that the house was closed and window blinds down at the time of its discovery; that rags and other material saturated with oil or gasoline were found in one of the rooms, and in another a gas chandelier from which gas was escaping, was broken; that the plaintiff was in arrears with his rent and was contemplating selling his furniture and going to Detroit; that his wife, in a quarrel with him a few days before, had stated that he was mad at her because she was not willing for him to burn the property to collect the insurance. The plaintiff offered evidence to prove that he left home about noon the day before the fire in an automobile going with his wife, child and sister to the country, ten miles from Charleston, and did not know of the fire until his return on the following afternoon.

The defendant requested, in addition to peremptory charges in its favor on the whole case and the claim of the plaintiff under each policy, instructions submitting to the jury the issues raised by the specifications, all of which, except the last, were refused. An instruction was granted at the instance of the plaintiff excluding the evidence on the first specification.

The plaintiff purchased the piano from a music company, March 22, 1923, for $400.00, paying $25.00 down. The balance (secured by reservation of title in conditional sales contract), was payable in monthly installments of $12.50 each, one of which was unpaid when the loss occurred. Under the evidence, the trial court should have submitted to the jury the issues raised by the instructions requested by the defendant involving alleged false swearing of the plaintiff and the origin of the fire. The exclusion of the evidence tending to prove that the fire was of incendiary origin, chargeable to the plaintiff, was also error. But we cannot accede to the position of the defendant that the existence of the conditional sales contract should be treated as a violation of the provision in the policy, relieving the defendant of liability for loss or damage to the property while encumbered by chattel mortgage. For this contention, the case of *Cook* v. *Citizens Insurance Company*, 105 W. Va. 375, is cited, in which it is said that no reason appears to differentiate between a chattel mortgage and a conditional sales contract, for ''as Williston well says, the transaction under a conditional sales contract 'is, in its essence, a mortgage, though futile distinctions are often made.' '' It may be, as stated, that the transaction under a conditional sales contract is, in its essence, a chattel mortgage, but it is not so denominated. In view of the small amount of purchase money remaining unpaid, this defense is technical, and to bar recovery should come within the plain provisions of the policy. ''Contracts of insurance are to be construed most strongly against the insurer and in favor of the insured. *Bond* v. *Insurance Company*, 77 W. Va. 736; *Downey* v. *Insurance Company*, Id. 386; *Bowling* v. *Insurance Company*, 86 W. Va. 164.'' *Shinn* v. *Insurance Company*, 104 W. Va. 353.

The judgments of the court of common pleas and the circuit court of Kanawha county are reversed, the verdict of the jury set aside, and a new trial awarded.

> *Judgment reversed; verdict set aside;*
> *new trial awarded.*