LORENZO NATALINI, Appellee, v. NORTHWESTERN FIRE & MARINE INSURANCE COMPANY, Appellant.

LORENZO NATALINI, Appellee, v. CONTINENTAL INSURANCE COMPANY of New York, Appellant.

No. 42678.

MARCH 12, 1935.

Stipp, Perry, Bannister & Starzinger and Thomas & Loth, for appellants.

Price & Burnquist, for appellee.

KINTZINGER, J.—On February 3, 1933, appellee conducted a grocery store and meat market in the city of Fort Dodge. On August 26, 1932, he took out a policy in the Continental Insurance Company for $3,000 covering his stock of merchandise and fixtures, and on October 3, following, he took out an additional policy in the Northwestern Company for $1,000 on the same property. About 2 a. m., February 3, 1933, a fire occurred in the building occupied by appellee, resulting in damages to appellee's stock and fixtures, for which he brought this action.

Appellants, as a separate defense, allege that the damage to appellee's property resulted from a fire caused or procured by appellee.

All of appellee's employees left the store building about 6 or 6:30 p. m. the evening before the fire. Appellee, who was the last to leave the store that evening, left about 7 p. m. There were only two entrances to the store—one in front and one in the rear. Both entrances were securely locked by appellee before he left, and he had all keys to the building in his possession at that time. Appellee was a single man, and on leaving the store he went to his boarding house where he visited until about 10 or 11 p. m., when they all went upstairs.

The fire was discovered between 2 and 3 a. m. by a policeman who immediately notified the fire department, which also notified appellee. Upon the arrival of the firemen, they found both the front and rear doors securely locked, and forced an entrance into both doors. The store occupied a large room partially divided by a large refrigerator located between the front and rear portion of the room. The only entrance to the basement was through a trap-door near the rear wall of the storeroom. A furnace was located in the basement. After entering the building the firemen found three separate and distinct fires in the building: One in the front part of the room between the refrigerator and the counter; the second in the rear part of the room, back of the refrigerator; the third in the basement near some empty wooden crates and boxes not far from the furnace. There was evidence introduced tending to show that there was no connection between the fire in the basement and those on the main floor; neither was there any evidence that inflammable material such as gasoline or kerosene had been placed or scattered about the building. The evidence also showed that the electric wiring in the building was in good condition. There was no evidence of any breaking and entering or burglary. The deputy state fire marshal, who was called to investigate this fire shortly after it occurred, testified that in his opinion the fire was of incendiary origin.

The value of the stock of merchandise and fixtures in the building at the time of the fire was between $3,000 and $4,000. The amount of the aggregate insurance was $4,000. There was no evidence tending to show that appellee was seen anywhere near his store after leaving it the night before. He testified that he arrived at his boarding house between 7 and 8 that night, and visited until about 10 or 11 p. m. with Mr. and Mrs. Felciai, with whom he roomed and boarded, but did not testify that he retired or remained there until the next morning. Mrs. Felciai testified that appellee visited with them until about 10 p. m., when they all went upstairs.

The evidence also shows that appellee, at the time of the fire, had a fairly good business and that it was increasing. It also shows that he was in good financial circumstances; that he had money loaned out, and was worth several thousand dollars. He never resumed the business after the fire. He later secured a beer permit and thereafter conducted a beer parlor.

At the close of the evidence a motion for a directed verdict in favor of appellee was sustained by the court, and judgment entered thereon. From this judgment appellants appeal. Appellants contend that the court erred in sustaining the motion because there was circumstantial evidence tending to show the fire was of incendiary character, and that appellee caused or procured the same.

It is conceded that on a defense of this kind the burden of proof rests upon the appellant to establish, by a preponderance of the evidence, (1) that the fire was of incendiary origin, and (2) that the appellee was connected with the cause thereof.

It is contended that the rule of law prevailing in criminal actions, to establish the guilt of the defendant by circumstantial evidence, is different from that in civil actions. In order to establish a defendant's guilt by circumstantial evidence in criminal actions, it is necessary that the circumstances establish guilt beyond all reasonable doubt, and that they exclude all other reasonable theories, while in a civil action it is not necessary to establish a cause of action or a defense beyond all reasonable doubt, and that if the circumstances relied upon are equally as consistent with one theory as another, then the cause or defense has not been established.

It is, nevertheless, the rule in civil actions that in order to establish a cause of action or a defense by circumstantial evidence, it is necessary to show that the facts relied upon must be of such a nature, and be so related to each other that only one conclusion can fairly and reasonably be drawn therefrom. Asbach v. C., B. & Q. Ry. Co., 74 Iowa 248, 37 N. W. 182. This rule has been followed by a long line of cases and it is therefore the settled rule in civil actions that in order to establish a cause of action or defense by circumstantial evidence, such evidence must exclude all other reasonable theories. Neal v. C., R. I. & P. Ry. Co., 129 Iowa 5, 105 N. W. 197, 2 L. R. A. (N. S.) 905; Tibbitts v. Mason City & Fort Dodge Ry. Co., 138 Iowa 178, 115 N. W. 1021; Kearney v. Town of De Witt, 199 Iowa 530, 202 N. W. 253; Ferber v. Gr. No. Ry. Co., 205 Iowa 291, 217 N. W. 880; Reimer v. Musel, 217 Iowa 377, 251 N. W. 863. If, therefore, the circumstances relied upon to establish certain ultimate facts are equally as consistent with one theory as another, then the party having the burden of proof must fail. If, however, the circumstantial evidence relied upon fairly and reasonably points to but one conclusion, then that conclusion must prevail. In other words, as applied to the

810

facts in this case, if the circumstances relied upon to connect appellee with the cause of this fire are such that no other reasonable conclusion can be reached therefrom, except that appellee caused or procured the fire in question to be started, then that question should have been submitted to the jury. Duncan v. Fort Dodge Gas & Elec. Co., 193 Iowa 1127, 188 N. W. 865; Silverstone v. London Assur. Corporation, 176 Mich. 525, 142 N. W. 776; Smith v. California Ins. Co., 85 Me. 348, 27 A. 191.

The defense that appellee caused an incendiary fire need not be proved beyond a reasonable doubt. Silverstone v. London Assur. Corporation, 176 Mich. 525, 142 N. W. 776; Carlwitz v. Germania Fire Ins. Co., Fed. Case No. 2415-a; Smith v. California Insurance Company, 85 Me. 348, 27 A. 191; Sibley v. St. Paul Fire & Marine Insurance Company, Fed. Case No. 12830. Such is also our conclusion, and the rule is not seriously disputed by appellants.

It is also conceded that if there is any circumstantial evidence tending to establish (1) that the fire was of incendiary character, and (2) that it was caused or procured by appellee, there should have been a submission to the jury.

I. It must be conceded that there was some evidence offered tending to establish the incendiary character of the fire. This was shown by the evidence tending to show three separate and distinct fires, when the firemen arrived at the scene of the fire. This was evidence from which a jury could find that the fire was of incendiary origin. In addition to such testimony there was also the evidence of the deputy state fire marshal that, in his opinion, the fire was of incendiary origin. It must therefore be concluded that there was sufficient evidence upon the incendiary character of the fire to go to the jury. If this question was submitted to the jury, it might or might not find that it was of such a character, but, for the purposes of a ruling on a motion for a directed verdict, appellants are entitled to have the evidence viewed in the most favorable light for them. As there was such evidence it must, for the purposes of the motion, be assumed that the fire was of an incendiary character. Although the evidence of it might be considered weak, nevertheless if it in any manner tends to establish the incendiary character of the fire, that question, in a law action, must be determined by the jury.

II. Appellee contends, however, that it is not sufficient to show the incendiary origin of the fire, but that appellee's connection with it must also be established by a preponderance of the evidence. This is also conceded by appellants; but they contend that, if there is any circumstantial evidence tending to connect appellee with the cause of the fire, his connection with it, if any, should be submitted to the jury. They contend there is sufficient circumstantial evidence on this question to make it one for the jury.

One of the circumstances urged is that within a few months after taking out a $3,000 policy, he took out an additional policy of $1,000; that his property was worth less than $4,000 and was overinsured; that a financial benefit to the appellee might result from a fire, and for that reason he had a motive in starting it. Appellee placed a value of $3,600 upon the property, while the total insurance thereon was $4,000. The fact among other facts, showing that property is overinsured, has been held, in many cases, to be a circumstance tending to connect the owner with a fire. Commonwealth v. Cooper, 264 Mass. 368, 162 N. E. 729; Commonwealth v. Bader, 285 Mass. 574, 189 N. E. 590; Smith v. California Ins. Co., 85 Me. 348, 27 A. 191; Bruff v. Northwestern Mut. Fire Assn., 59 Wash. 125, 109 P. 280, Ann. Cas. 1912A, 1138. But overinsurance, in and of itself, would not be sufficient to warrant a finding that the insured caused the fire.

Another strong circumstance urged as a reason for connecting appellee with this fire was the fact that he alone had all the keys to the premises. Although Mrs. Felciai testified that he was visiting with them until 10 o'clock when they all retired, she does not attempt to say that he did not leave the house between that time and 3 in the morning. Mr. Felciai does not remember what happened that night or when he (Felciai) came home. All he remembers is that he received a telephone call early the next morning about the fire. It is significant that appellee did not testify that he remained in his room the balance of the night and until he was notified of the fire. He could easily have testified to this, but failed to do so. It is also significant he does not say *he did not cause the fire*. All he says is that he "did not know how the fire started", but he does not specifically deny that he caused or procured it to be started. Both entrances were securely locked before he left the night before,

and no one else had keys to the premises. Such a circumstance, among others, was held of sufficient probative value to submit the question to the jury. Twin City Fire Insurance Company v. Lonas, 255 Ky. 717, 75 S. W.(2d) 348; Picoraro v. Ins. Co. of State of Pa., 175 La. 416, 143 So. 360; Richardson v. Travelers Fire Ins. Co. (Mass.) 193 N. E. 40.

Another circumstance urged as pointing to appellee as causing the fire is the fact that he never resumed the business, but thereafter engaged in the business of conducting a beer parlor.

Another circumstance urged as pointing to the same direction is that there was no evidence of any breaking and entering, or of burglary, and that the party who entered the building must have had a key to admit him thereto. The evidence shows that he alone had all the keys to the building and was the only person who could gain admission thereto without breaking and entering. Appellee testified he had no enemies who might want to burn him out. While, of course, there is a possibility that a burglar might have opened one of the doors by means of a skeleton key or burglar tools, there is no evidence from which such a possibility might be drawn. We are here dealing with probabilities, and, while there is no direct evidence tending to connect appellee with the fire, the circumstances shown, when considered in connection with the incendiary character of the fire, are sufficient to take the question of his connection with it to the jury. As supporting this view see Bruff v. Northwestern Fire Assn., 59 Wash. 125, 109 P. 280, Ann. Cas. 1912A, 1138; Fire Association of Phil. v. Oneida County Macaroni Co. (C. C. A.) 294 F. 633; Copen v. Nat. Ben Franklin Fire Ins. Co., 107 W. Va. 608, 149 S. E. 830; Hoyt v. Ins. Co. of No. America, 103 Me. 299, 69 A. 110; Exnicios v. Sun Ins. Office, 156 La. 975, 101 So. 383; Silverstone v. London Assur. Corporation, 176 Mich. 525, 142 N. W. 776; Clover Crest Farm, Inc., v. New York Cent. Mut. Fire Ins. Co., 189 App. Div. 548, 179 N. Y. S. 352; Meily Co. v. London & Lan. Fire Ins. Co. (C. C. A.) 148 F. 683; Sawyers v. Commonwealth, 88 Va. 356, 13 S. E. 708; State of Iowa v. Millmeier, 102 Iowa 692, 72 N. W. 275; Weiner v. Ætna Ins. Co., 127 Neb. 572, 256 N. W. 71.

We are constrained to hold that the circumstances shown in this case are sufficient, by reasonable inference, to make the question of appellee's connection with the fire one for the jury. For

the reasons hereinabove indicated, the judgment of the lower court is hereby reversed.—Reversed.

ANDERSON, C. J., and ALBERT, POWERS, PARSONS, DONEGAN, and HAMILTON, JJ., concur.

MITCHELL, J., dissents.

MITCHELL, J. (dissenting)—I find myself unable to agree with the majority opinion, and therefore respectfully dissent.

The majority say:

"It is conceded that on a defense of this kind the burden of proof rests upon the appellant to establish, by a preponderance of the evidence, (1) that the fire was of incendiary origin, and (2) that the appellee was connected with the cause thereof."

With this statement I agree, and turn to the record to ascertain how the appellant has "established by a preponderance of the evidence that the appellee was connected with the cause of the fire".

The appellant relies upon circumstantial evidence, and the circumstances relied upon by the majority in holding that it was a jury question whether or not the appellee set the fire, are as follows (quoting from the opinion):

First. "One of the circumstances urged is that within a few months after taking out a $3,000 policy, he took out an additional policy of $1,000; that his property was worth less than $4,000 and was overinsured; that a financial benefit to the appellee might result from a fire, and for that reason he had a motive in starting it."

In answer to whether or not this was a circumstance, I turn again to the majority opinion:

"The value of the stock of merchandise and fixtures in the building at the time of the fire was between $3,000 and $4,000."

Thus, we see that there was no evidence of overinsurance in this case, for the majority concede that the "value was between $3,000 and $4,000", and the aggregate amount of the insurance was only $4,000.

The next circumstance which the majority refer to is (quoting from the opinion):

"It is significant that the appellee did not testify that he remained in his room the balance of the night and until he was notified of the fire. He could easily have testified to this, but failed to do so. It is also significant that he does not say that *he did not cause the fire*. All he says is that he 'did not know how the fire started', but he does not specifically deny that he caused or procured it to be started."

The record shows without any dispute the appellee went to his rooming place, went to bed about 10 o'clock, and was in bed at the time he was called by the fire department, which was around 2:30 in the morning. Not only he testified to this, but the people with whom he lived so testified. Now, to say that because he did not testify he stayed in bed from 10 o'clock until 2:30 in the morning, that is a circumstance which would justify the court in submitting a case of this kind to the jury, seems to me to be rather far-fetched. The appellant had ample opportunity to cross-examine the appellee, and could easily have brought out this fact, which the majority think so material.

In regard to the fact that he did not state that "he did not cause the fire", the record shows that that question was not directly asked him, but he did state that "he did not know how the fire started". Certainly, that answer in itself states that he did not cause the fire, for, if he had caused the fire he would have known how it started. The evidence shows that he was examined by the fire chief of Fort Dodge and by one of the deputy state fire marshals. Affidavits were taken from him, and nowhere is there any showing that he made any false statements in regard to his connection with the fire. It is hard for me to believe that because he said, "I do not know how the fire started", when he should have said, according to the majority, "I did not cause the fire", that is a circumstance which would justify the court in submitting the case to the jury.

Another circumstance which the majority refer to is the fact that he did not go back into the same business, but the record shows that he immediately went into the business of conducting a beer parlor, and within a few feet of where he was in business at the time of the fire. There is no showing in the record that he had any desire to get out of business, and there is a showing that immediately after the fire he went back into business in the same locality.

These are all the circumstances referred to in the majority opinion, with the exception of the fact that the appellee testified he had all of the keys to the building, and there was no evidence to show that the building was broken into. In the case at bar appellee rented the building. There was no showing in regard to the nature of the locks. It was a small store, on the main street of the city of Fort Dodge. The owner of the building may have had a key; there may have been many who could have had a key to this building.

As I analyze the majority opinion, the question simply comes down to this: If the proprietor of a store has all of the keys to the store building, and there is no evidence of the building being broken into, and if there is evidence that the fire was of incendiary origin, then it is a question for the jury to say whether or not the proprietor of the store set fire to the building. This in face of the fact that the majority opinion lays down the rule in cases of this kind that the burden of proof rests upon the insurance company to establish by a preponderance of the evidence that the appellee was connected with the setting of the fire.

In most of the cases cited by the majority in their opinion you will find evidence of over-insurance. The owner of the building or the stock of merchandise was financially embarrassed; he was losing money in his business; he was seen in or near the building some time shortly before the fire. One of the cases relied upon by the appellant in this case, and cited by the majority, is the case of Richardson v. Travelers Ins. Co. (Mass.) 193 N. E. 40. In that case we find the insured increased his insurance $20,000 shortly before the fire; that his business was not good; that he was unable to pay his taxes on the real estate involved; that his tenant had moved out; that he had a large mortgage, some $33,500, on the building; that his actual investment was small; that the insured was seen leaving the premises some little time before the fire. That the fire was of incendiary origin, was conceded. Certainly, taking into consideration all the circumstances brought out in the Richardson case, it was a question for the jury to decide whether or not the insured had anything to do with the setting of the fire, but in the case at bar we find that appellee was not over-insured; that he left his place of business, a prosperous store; that he had money in the bank, money in the post office; that he was not pressed by any creditors; that he went to his rooming place, visited with friends,

and went to bed some time before midnight, and was in bed at the time he was called by the fire department at about 2:30 in the morning. The amount of the loss in this case was agreed upon. There was no attempt made by appellee to conceal anything. The only circumstance, as I read the record, is the fact that the appellee had the keys to the building. That, in my judgment, would not justify the court in submitting the defense pleaded to the jury. Juries must have some evidence upon which to base their verdicts. Mere suspicion is not sufficient. If the insurance company pleads as one of its defenses, as it did in the case at bar, that the insured set fire to his own store, that company must prove that defense by a preponderance of the evidence. If there is no evidence that would justify a jury in finding that the insured set fire to the building, then it is the duty of the lower court to direct a verdict. In the case at bar I find no evidence, no circumstance of any kind, that would justify a jury in finding that the appellee set fire to the building. The distinguished and able trial judge had before him the witnesses in this case; he listened to them as they testified, and then directed a verdict in favor of the appellee. I believe he was right, and I would affirm the decision of the lower court.