**Jimmy GOODWIN and Betty June Goodwin, Plaintiffs,**

v.

**MARYLAND CASUALTY COMPANY, an insurance corporation, Defendant.**

**No. 5496.**

United States District Court
E. D. Oklahoma.

Aug. 26, 1964.

W. B. Edwards, Bill Pipkin, Seminole, Okl., for plaintiffs.

Clarence P. Green, Oklahoma City, Okl., for defendant.

DAUGHERTY, District Judge.

The plaintiffs sue the defendant under a fire insurance policy issued by defendant to them as a result of a fire which destroyed their house and its contents. Plaintiffs claim a loss to the limits of coverage, namely, $30,000.00 on the house, $12,000.00 on its contents, and $6,000.00 for increased living expenses, and made proof of loss therefor in appropriate time.

The defendant admits the plaintiffs' ownership, the issuance of the policy and the fire. However, defendant disputes the amount of the loss as claimed by plaintiffs under each category, and in addition alleges that the plaintiff, Jimmy Goodwin, set fire to his house and contents or caused same to be done, and that the plaintiffs violated the fraud and false swearing provisions of the insurance contract in submitting their proof of loss for the maximum coverage.

As to the amount of the loss in each of the three categories, the evidence is, of course, conflicting, and the Court must use its best judgment under all the evidence and circumstances to arrive at a fair and reasonable figure as to each loss. The house which was totally de-

stroyed was a large two-story structure with 8500 square feet of living space and 1000 square feet of porches and basement. It had its own water system. It was of solid concrete block construction as to the first floor and frame construction for the interior and the second floor. It was 32 x 100 feet in size with a shingle roof and was originally built as a Baptist Orphanage housing some 40 to 50 children at times. Plaintiffs bought the house approximately two years before the fire with 102 acres of land (all situated approximately seven miles north of Ada, Oklahoma), and paid $12,000.00 for the same. It had been listed by its former owner with a real estate broker at $13,500.00. Plaintiffs testified that they spent $11,095.00 in remodeling and improving the house after they purchased the same. No records of such expenditures were offered as the plaintiffs say they were burned in the fire. Both parties agree that the measure of damages to be applied is the actual cash value of the home at the time of the fire. Experts testifying put the loss on the house from $34,000.00 to around $12,000.00. The real estate broker who sold the house and land to the plaintiffs put the value of the building at $6,000.00 of the $12,000.00 total purchase for building and land.

From all the evidence and circumstances before the Court, the Court is of the opinion that the house had an actual cash value at the time of the fire of $15,000.00.

Valuations from testimony before the Court on the contents were from $2,519.00 to $18,072.00. The parties again agree that the measure of damages to be applied with reference to the contents is the actual cash value of the same at the time of the fire. From the evidence the Court finds that the contents destroyed by the fire had an actual cash value at the time of the fire of $4,000.00. In this connection, the Court has excluded from consideration the hot water heater and built-in stove and oven as being a part of the house and not contents, and the Tupperware as being products for sale and not covered by the policy.

Under the evidence of this case, the plaintiffs had an increase in living expenses as the result of the fire. In the opinion of the Court, based on the evidence, this increase continued for two months, at which time the plaintiffs became settled in permanent quarters within the meaning of the policy. They lived with relatives for approximately two months and then rented facilities. They moved about four months thereafter to other rented facilities but under the evidence and the policy the Court finds that they became settled in permanent quarters for themselves within two months of the fire. The house was not and has not been rebuilt. Principally the plaintiffs' increased living expense is in the areas of food, laundry, cost of water, school lunches and rent. In the judgment and opinion of the Court these increased living expenses total $820.00 for the two months' period.

Regarding the defense that the plaintiff Jimmy Goodwin either set the fire or caused same to be set, the law is clear that the burden to establish this defense to avoid the policy is upon the defendant insurance company. British America Assurance Co. of Toronto, Canada v. Bowen, 10 Cir., 134 F.2d 256. That the preponderance of the evidence rule and not the beyond a reasonable doubt evidentiary rule applies. Koonts v. Farmers Mutual Ins. Ass'n, 235 Iowa 87, 16 N.W.2d 20. That circumstantial evidence, if sufficient to meet the test, may sustain the defense and burden. Sumrall v. Providence Washington Ins. Co., 221 La. 633, 60 So.2d 68. And, that motive plus the incendiary origin of the fire, would, in the absence of believable rebuttal evidence, be sufficient to sustain the affirmative defense. Sumrall v. Providence Washington Ins. Co., supra.

To sustain this defense the defendant shows that the plaintiff, Jimmy Goodwin, some 18 years ago and when about 18 years of age, was convicted of arson in

Colorado; that his financial condition was not good; that he could have set the fire around midnight of February 3, 1963, and then driven his produce truck to Pharr, Texas, (about 719 miles) in time to be there the following afternoon of February 4, 1963, when he made a long distance telephone call to a relative in Ada, Oklahoma; that when first observed the fire was in the north end of the building with a small fire on the outside of the building near the south end; that it was a hot fire which burned rapidly and was unusual in this respect. The Ada Fire Chief could not establish the location of the start of the fire. No other significant evidence was produced by the defendant on this point.

The plaintiff, Betty June Goodwin, with the children, was in California and had been for some time when the fire occurred. The plaintiff, Jimmy Goodwin, testified that he left Ada on February 1st or 2nd driving his produce truck and drove to Pharr, Texas, where he arrived on February 3rd. The fire occurred that night at about midnight; that he called a relative in Ada the afternoon of February 4th and learned of the fire. Both plaintiffs deny that they set the house on fire or caused it to be set, and that they were pleased with the home and their life therein and had suffered greatly from its loss. It is undisputed that the plaintiff, Betty June Goodwin, was in California when the fire started and the plaintiff, Jimmy Goodwin, was in Pharr, Texas, the afternoon after the fire started around midnight of the previous day. No one saw the plaintiff, Jimmy Goodwin, at or about the house at or near the time the fire started. There is no evidence of fuel or fuel cans or an incendiary origin for the fire except the fact that it was a hot and rapid fire and burned from the north to the south against a wind. In addition, there is the evidence of the small fire on the outside of the building at the south side thereof. The State Fire Marshal investigated the fire but caused no charges to be filed.

■ It is the judgment and finding of the Court that the most the evidence amounts to with reference to this defense is mere suspicion. It could be surmised that the plaintiff, Jimmy Goodwin, set fire to his house and drove to Pharr, Texas, in time to call back, but upon considering all the evidence and carefully weighing the same, the Court is unable to find that the defendant has sustained its burden to establish by a preponderance of the evidence that the plaintiffs, or either of them, set the fire to their house or caused the same to be set afire.

■ In regard to the defense of false swearing in connection with the proof of loss, the law is clear that a wilful, intentional breach of such provisions of the policy in the proof of loss avoids the policy. Royal Ins. Co. v. Scritchfield, 51 Okl. 523, 152 P. 97. Further, that it is not necessary that the insurance company actually be deceived by such false swearing in order to obtain an avoidance of the policy. Chaachou v. American Central Ins. Co., 5 Cir., 241 F.2d 889. Our own Court of Appeals for the Tenth Circuit in the case of Buffalo Ins. Co. v. Amyx, 10 Cir., 262 F.2d 898, has had occasion to treat this area of the law as it exists in Oklahoma. In this case, it was said that " * * * if the insured intentionally and deliberately tried to mislead the insurers by submission of a proof of loss in excess of that which she knew she had suffered, such misrepresentation or false swearing would void the policies. In sum, the jury was told that the claim stood, not upon its accuracy, but its bona fides."

■ In our case the plaintiffs submitted a verified proof of loss for $30,000.00 to the building, $12,000.00 to its contents and $6,000.00 for increased living expenses. From the evidence this Court finds the losses sustained under the measure of damages to be applied to be $15,000.00 to the building, $4,000.00 to its contents, and $820.00 for increased living expense, or less than half of the total amount claimed by the plaintiffs. There was expert testimony from an experienced and qualified real estate broker familiar with the house to the effect that the house at the time of the

fire had an actual cash value of $34,000.-00 and was a special purpose building suitable for rest home purposes as well as a residence. This witness was of the opinion that the house was worth $4.00 a square foot. Over $11,000.00 in repairs had recently been made by the plaintiffs and this is undisputed. In addition, the plaintiffs did much work themselves in the way of improving the structure. In the light of this and the circumstances of this case, I cannot say that the proof of loss submitted by the plaintiffs on the building was an intentional and deliberate attempt to mislead the defendant and was lacking in good faith. In these days, expert opinions as to the value of real estate and buildings vary considerably, and this is quite apparent to any court which tries condemnation cases.

A long list of contents is involved. Replacement costs according to the plaintiffs, exceeds $23,000.00. Some items were shown by mistake. Owners of personal property, such as furniture, are inclined to give it a much higher value than is a second-hand furniture dealer which is a shocking experience many of us have gone through. There is a wide area for disagreement in connection with the value of furniture and other household contents. Here again, in the circumstances, I cannot find that the plaintiffs were lacking in good faith to claim policy limits on their lost contents nor that they intentionally and deliberately undertook by the proof of loss to mislead the defendant.

As to the increased living expense, we are here dealing with a family consisting of the plaintiffs and 12 children. The evidence is that they provided much of their subsistence on the place and had canned and stored large quantities of food, all of which were destroyed; that they had a cow providing milk and from which they made butter, they had a garden and raised chickens for meat and eggs; that they butchered beef; that in the produce business of the plaintiff, Jimmy Goodwin, he was able to provide and store many provisions at little expense over a period of time. The ques-

tion presented itself to the plaintiffs as it has indeed to the Court as to when they became settled in permanent quarters, thus the duration of their increased living expense for which they had coverage. This is a disputed point and was not conclusively established up to the time of trial. It has required the decision of this Court to settle this question. Again, I cannot say that the plaintiffs were guilty of bad faith in claiming policy limits even though I have seen fit to reduce the claim considerably in this decision.

Accordingly, under the evidence and circumstances of this case and the applicable law I find that the defendant has failed to meet its burden to establish false swearing which would avoid the policy.

Plaintiffs are therefore entitled to prevail against the defendant on the issues here involved in the amounts heretofore set out, which total $19,820.00. Counsel for plaintiffs will prepare an appropriate judgment to such effect for the signature of the Court and subsequent entry herein.