**Dennis V. JOUBERT, Plaintiff-Counter Defendant-Appellant,**

v.

**TRAVELERS INDEMNITY COMPANY, Defendant-Counter Plaintiff-Appellee.**

No. 83–4672
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 12, 1984.

---

Ford & Nugent, Howard N. Nugent, Jr., William M. Ford, Alexandria, La., for plaintiff-counter defendant-appellant.

P. Albert Bienvenu, Jr., Bienvenue, Foster, Ryan & O'Bannon, New Orleans, La., for defendant-counter plaintiff-appellee.

Before GEE, POLITZ and JOHNSON, Circuit Judges.

POLITZ, Circuit Judge.

In this diversity suit, the plaintiff, Dennis V. Joubert, appeals the district court's finding that he was responsible for the setting of two fires in his home and appeals an award to the defendant, Travelers Indemnity Company, of $14,660.15 on a counterclaim. Finding neither error of fact nor law, we affirm.

### Facts

Joubert's house, valued at $24,500 and insured by Travelers at a replacement value of $40,000, was severely damaged by fires occurring on September 24 and 26, 1980. The parties stipulated that the fires

were intentionally set. The case poses the single question whether Joubert set the fires or caused them to be set.

On September 24, 1980, Dennis Joubert and his wife were both out of town. Around 10:00 p.m., a neighbor heard a door open and thought Mrs. Joubert had returned. She looked out her window and saw a slender black man enter the house through the carport door, exit the house, and then climb into the attic through an access hole in the carport. Several minutes later, the man exited the attic. She did not recognize the man but could see that he was not Dennis Joubert. The neighbor called police who immediately responded and found no signs of forcible entry into the locked house or the attic. Noticing smoke coming from the attic vents, the officer alerted the fire department. Upon entering the house through a window from which the air conditioner had been removed, the officer found all gas heaters turned fully on, and found rolls of newspapers soaked in a flammable liquid smoldering in the attic. Relatives of the Jouberts arrived shortly thereafter and after looking around informed the officer that a window air conditioner, a portable TV, some china, and C.B. equipment was missing. Noticeably present were usual burglar fodder, a shotgun, a stereo, and two small TVs.

Little damage resulted from the first fire. On the 25th, Dennis Joubert returned from an unsuccessful job-hunting trip. He stayed in his home until approximately 11:00 p.m. and then went to spend the night at the home of his sister. The second fire occurred around 3:00 a.m. on September 26. That fire was set in two separate places, the master bedroom and the den. It was intense and caused extensive damage. Joubert's post-fire inventory reflected no additional missing items.

### Discussion

■■■ Under Louisiana law, applicable in this diversity case, arson is an affirmative defense against a claim for fire insurance proceeds. The defendant bears the burden of proving by a preponderance of the evidence that (1) the fire was of an incendiary origin, and (2) the plaintiff was responsible for setting the fire. Since there are rarely eyewitnesses to the act of arson, the defendant may prove its case by circumstantial evidence. A finding for the defendant is warranted where the circumstantial evidence permits of no other reasonable hypothesis than that the claimant was responsible for the fire. The defendant does not have to prove beyond all reasonable doubt that the claimant was responsible but need only prove that (1) the fire was of an incendiary origin, and (2) the claimant had a motive for arson. In the absence of credible persuasive rebuttal evidence, such proof is sufficient to sustain the affirmative defense of arson. *Kelly v. Commercial Union Ins. Co.*, 709 F.2d 973 (5th Cir.1983), *citing Sumrall v. Providence Washington Insurance Co.*, 221 La. 633, 60 So.2d 68 (1952).

■■ In this case, the parties stipulated that the fire was of an incendiary origin, leaving only the second factor, Joubert's responsibility which turns largely upon proof of his motive for arson. Travelers claimed that Joubert was in such dire financial straits in September of 1980 that his only hope of meeting his debts and avoiding foreclosure was to torch his house and use the insurance proceeds. At trial, Travelers proved the following facts:

1. In March of 1980, the Jouberts' joint checking account was closed after several NSF checks were written. From that point until sometime after the fires, Dennis Joubert had no checking account.

2. Dennis Joubert's savings account never exceeded $17.00 during 1980.

3. On August 19, 1980, Dennis Joubert was denied a debt consolidation loan by Reliable Finance.

4. On August 20, 1980, Dennis Joubert fraudulently obtained a debt consolidation loan from Pico Finance by getting one Anne Fisher to forge his wife's signature on the note and mortgage.

5. On September 3, 1984, Dennis Joubert fraudulently obtained a second loan using his wife's savings account as security by again getting Anne Fisher to forge her signature.

6. On September 17 Dennis Joubert obtained a loan from Sun America Finance using his wife's car for collateral by getting Anne Fisher to forge his wife's name a third time.

7. Joubert was delinquent on his house note and his utility bill until he obtained the second fraudulent loan on September 3.

8. Joubert's income for the last two weeks of August totaled $85.26; his income for September totaled $459.51; and he knew by the time of the fire that he would receive no income for the first half of October and was unlikely to receive any for the second half of October. His loan payments and utilities for October totaled $922.06.

9. All of Dennis Joubert's assets were fully encumbered, and his financial straits caused such severe marital discord that he and his wife ultimately separated.

10. Joubert knew the house had a market value of $24,500 and was insured at a replacement value of $40,000.

In rebuttal, Joubert claimed that he was not in financial distress and that he had sufficient income to meet his obligations. The record contains evidence directly contrary to that testimony, abounding with evidence to establish Joubert's financial motive for the arson. The trial judge was fully justified in finding Joubert's rebuttal evidence unbelievable and in finding that Joubert was responsible for the fires which damaged his house.

■ Joubert's argument that the trial judge erred in admitting into evidence an appraisal not listed in the pre-trial order is without merit. Joubert's counsel had 11 months notice of Traveler's intent to use the appraisal. Wright & Miller, *Federal Practice and Procedure: Civil § 1527* (1971).

 Finally, Joubert's argument that the trial court erred in holding that a voice stress test was inadmissible is without merit. *United States v. Clark*, 598 F.2d 994, 995 (1979).

AFFIRMED.