**Morey E. STORHAUG and Bernadine M. Storhaug, Appellants,**

v.

**STATE FARM FIRE & CASUALTY COMPANY, Appellee.**

**No. 84–1691.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 26, 1984.

Decided Oct. 29, 1984.

Rehearing Denied Nov. 16, 1984.

Jude Nally, Kansas City, Mo., for appellants.

Spencer J. Brown and Gary M. Cupples, Kansas City, Mo., for appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

Morey and Bernadine Storhaug appeal from the district court's directed verdict on one count in their suit against State Farm Casualty Co. (State Farm). For reversal the Storhaugs contend that the district court erred because the evidence on State Farm's vexatious refusal to pay created a jury question. We affirm.

The Storhaugs' floating boat dock at their summer home on Lake of the Ozarks collapsed in a winter storm. Although the Storhaugs were absent at the time, neighbors notified them of the loss, and four days later, the Storhaugs reported it to their agent. Nine days later, State Farm's adjuster inspected the site and concluded that ice had caused the loss. A week later, State Farm notified the Storhaugs that the loss was excluded under the policy.

The Storhaugs subsequently sued on the policy and for vexatious refusal of the claim. After the Storhaugs presented their evidence, State Farm moved for a directed verdict which was sustained as to the vexatious refusal of a claim. On the remainder of the case the jury found for the Storhaugs.

In reviewing the directed verdict this Court inquires whether the evidence was sufficient to create an issue of fact for the jury. *Mulholland v. Schneider Service Co., Inc.*, 661 F.2d 708, 711 (8th Cir. 1981). Directed verdicts are proper when no substantial evidence supports a contrary verdict, or, "when the nonmoving party has presented insufficient evidence to support a jury verdict in his favor." *Id.* Under Mo. Rev.Stat. § 375.420 (1975), to demonstrate a vexatious refusal of a claim, plaintiffs must show "that the insurer's refusal to pay the loss was willful and without reasonable cause, as the facts would appear to a reasonable person." *Dewitt v. American Family Mutual Insurance Co.*, 667 S.W.2d 700, 710 (Mo.1984) (en banc). Despite the presence of a genuine issue over coverage, vexatious refusal may be found "if the insurer's attitude was vexatious and recalcitrant." *Id.* The finder of fact should make this determination not according to the ultimate disposition of the claim but on the facts as they appeared at the time of the refusal to pay. *Katz Drug Co. v. Commercial Standard Insurance Co.*, 647 S.W.2d 831, 839 (Mo.App.1983).

At the time of refusal, State Farm did not appear to have a vexatious or recalcitrant attitude. They acted promptly to

investigate the loss. Moreover, according to several witnesses, including Mr. Storhaug, ice and wind contributed to the loss. In light of the policy provision excluding coverage of damages to docks caused by "the pressure or weight of ice or water whether driven by wind or not," we cannot say that State Farm's decision reflects recalcitrance.

Accordingly, the judgment of the district court is affirmed.