618 F.Supp. 1040 (1985)
Denise ERWIN, Plaintiff,
v.
STATE FARM FIRE & CASUALTY COMPANY, Defendant.
No. S84-0101C (D).
United States District Court, E.D. Missouri, Southeastern Division.
September 19, 1985.
*1041 Charles Sampson Williams, Welman, Beaton, Williams & McVey, Kennett, Mo., for plaintiff.
Donald R. Morin, Brinker, Doyen & Kovacs, P.C., Clayton, Mo., for defendant.

MEMORANDUM
WANGELIN, District Judge.
This matter is before this Court upon defendant's motion for judgment notwithstanding the verdict or, in the alternative, for a new trial.
In regard to judgment notwithstanding the verdict, the Court must consider the evidence in the light most favorable to the prevailing party. McGee v. South Pemiscot School Dist. R-V, 712 F.2d 339 (8th Cir.1983). Moreover, the Court must assume that the jury resolved all conflicts of evidence in favor of the prevailing party. Id. Finally, the Court must assume as true all facts which the prevailing party's evidence tends to prove, give the prevailing party the benefit of all favorable inferences which may be reasonably drawn from proved facts, and deny the motion if, in light of the above, reasonable jurors could differ as to the conclusions that could be drawn from the evidence. Id. Consequently, motions for judgment notwithstanding the verdict should be sparingly granted. Cleverly v. Western Elec. Co., 594 F.2d 638 (8th Cir.1979).
In the present case defendant contends that the verdict in its entirety was against the weight of the evidence. The case involved plaintiff's claim under an insurance policy with defendant. Plaintiff's house burned and defendant refused to pay claiming arson on behalf of plaintiff. The jury returned a verdict in favor of plaintiff and defendant now seeks judgment notwithstanding the verdict or, in the alternative, a new trial.
Defendant claims that plaintiff produced no evidence at trial to counter defendant's proof that the fire was of incendiary origin. Defendant further claims that, by circumstantial evidence, it proved by a preponderance of the evidence, that plaintiff was responsible for the fire by her own act.
The circumstantial evidence relied upon by defendant was that plaintiff was in debt and had a peculiar reaction to the fire. However, the mere fact that a person is in debt, even extreme debt, is not sufficient to support a defense of arson. Graves v. MFA Mutual Insurance Co., 446 S.W.2d 154, 158 (Mo.App.1969). Moreover, the fact that a fire is of incendiary origin does not overcome the presumption that people are honest and actuated by correct motives. Morris v. Reed, 510 S.W.2d 234, 241 (Mo. App.1974). Beyond the foregoing, evidence was admitted that State Farm did not know the "acts, design or method used to start the fire." Additionally, defendant did not know the name of any person having such knowledge. Moreover, defendant's claim committee report affirmatively stated that plaintiff was three hundred (300) miles from the fire at the time it started and that no time delay device was found in the debris of the fire. Finally, James Politte was unable to explain the factual basis upon which he considered plaintiff's reaction peculiar. Based upon the foregoing evidence, it is very conceivable that reasonable minds could differ as to whether plaintiff started or had someone else start the fire and, thus, judgment notwithstanding the verdict is inappropriate.
Defendant next contends that a penalty for vexatious refusal to pay a claim should not be imposed unless the facts and circumstances surrounding the refusal to pay a claim show that it is willfull and without reasonable cause. It is clear that an insurer may question and contest an issue of fact relating to its liability if it has reasonable cause to believe, and does believe, that there is no liability under its policy. Groves v. State Farm Mutual Automobile Insurance Co., 540 S.W.2d 39 (Mo. en banc 1976).
Defendant's reasonable belief that it had no liability under the policy apparently was based upon a conversation between Mac Smith and Elbert Perry where Perry told Smith that Tom Butler contracted with Perry to burn plaintiff's house for profit. *1042 However, for purposes of vexatious refusal to pay, the finder of fact may consider only the facts as they appeared at the time of the refusal to pay.
"What facts were developed at the trial does not affect the matter, either for appellant or against it. A refusal to pay when payment is due is not a vexatious refusal if founded on what at the time appeared to be facts justifying the refusal even though at the trial if may be shown that the true facts were exactly the opposite of what had first they appeared. Conversely, a refusal to pay is vexatious if founded not upon what appear to be facts but only on a possibility that later investigation may develop facts justifying refusal to pay, even if such further investigation does develop such facts. The facts as developed may defeat recovery altogether and, if so, of course they will incidently defeat recovery of damages for vexatious refusal to pay; but if an insurance company desires to defeat recovery of damages for vexatious refusal to pay even although it may fail to defeat recovery on the contract of insurance, it must show that at the time it should have paid under the contracts the facts as they then appeared justified that refusal."
Buffalo Insurance Co. v. Bommarito, 42 F.2d 53, 57 (8th Cir.1930). The Eighth Circuit again addressed this issue in Storhaug v. State Farm Fire and Casualty Co., 747 F.2d 443 (8th Cir.1984). Although vexatious penalties were denied, the Court found that:
"The finder of fact should make this determination not according to the ultimate disposition of the claim but on the facts as they appeared at the time of the refusal to pay. Katz Drug Co. v. Commercial Standard Insurance Co., 647 S.W.2d 831, 839 (Mo.App.1983).
At the time of refusal, State Farm did not appear to have a vexatious or recalcitrant attitude."
Storhaug, supra 747 F.2d at 444.
In the present case plaintiff complied with the terms of the policy such that payment was due on November 18, 1983 and the letter of denial from defendant was dated March 26, 1984. The conversation which defendant uses as the reasonable basis for its refusal to pay did not take place until October 16, 1984. Thus, the conversation could not form the reasonable basis for defendant's refusal to pay and the jury was justified in finding that defendant had no reasonable belief that it had no liability under the policy at the time payment was due.
Defendant also contends that refusal to admit Mr. Smith's conversation with Mr. Perry concerning a previous conversation between Mr. Perry and Mr. Butler was in error and, thus, a new trial is merited. This simply is not the case.
The Court did not err in prohibiting State Farm's witness, Mac Smith, from testifying as to an alleged conversation with Elbert Perry and in refusing to admit State Farm's Exhibit "E". Exhibit "E" was a two-page exhibit setting out the details of the alleged conversation. The exhibit as offered contained various phrases that were underlined in an obvious attempt to highlight those portions of the exhibit. Such underlining is more prejudicial than probative and this Court properly excluded the exhibit.
Further, Mr. Smith could not testify as to the conversation between Mr. Perry and Mr. Butler. Such testimony would be double hearsay. Defendant contends the testimony is admissable under Rule 803(24) Fed.R.Evidence which provides:
A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance *1043 of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, his intention to offer the statement and the particulars of it, including the name and address of the declarant.
Defendant's Exhibit "E", which Mac Smith wrote concerning his conversation with Elbert Perry, set out that Perry told him that plaintiff had no knowledge concerning who started the fire or why it was started. It is also apparent by defendant's Exhibit "E" that the alleged statement itself states that Perry's main concern was that he be paid for his information and the statement further contains information that the alleged person that actually burned plaintiff's home, a nephew of Perry's, was now dead. In addition, the exhibit discloses that Perry would not testify in Court about the matter. Thus, Mr. Smith's testimony and defendant's Exhibit "E" are not trustworthy and are not probative of material facts. Consequently, this Court properly excluded both. Accordingly, this Court will order defendant's motion for judgment notwithstanding the verdict or, in the alternative, for a new trial be denied.