853 F.2d 591
 LIBERTY LIFE INSURANCE COMPANY, Appellant,
v.
Donald R. SCHAFFER and Dr. Valerie Schaffer, Appellees.
LIBERTY LIFE INSURANCE COMPANY, Appellee,
v.
Donald R. SCHAFFER, Appellant.
Dr. Valerie Schaffer.
 Nos. 87-1647, 87-1658.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 12, 1988.
Decided Aug. 4, 1988.
 
 Jordan Cherrick, St. Louis, Mo., for appellant.
 Charles Sampson Williams, Kennett, Mo., for appellees.
 Before McMILLIAN and BOWMAN, Circuit Judges, and HARRIS, Senior District Judge.*
 BOWMAN, Circuit Judge.
 
 
 1
 Dr. Donald Schaffer committed suicide in 1985. Liberty Life Insurance Company filed a declaratory judgment action in the United States District Court for the Eastern District of Missouri to determine whether it was liable on two $250,000 life insurance policies issued to Dr. Schaffer. Liberty argued that Dr. Schaffer made misrepresentations concerning his health and drug usage and that the death was not accidental. Dr. Schaffer's father, Donald R. Schaffer, a policy beneficiary, filed a counterclaim seeking an additional $200,000 in accidental death benefits, plus damages for Liberty's alleged vexatious refusal to pay the promised benefits. Valerie Schaffer, Dr. Schaffer's wife and the beneficiary of the second policy, also counterclaimed for damages based on Liberty's alleged vexatious refusal to pay.
 
 
 2
 After a three-day trial, the District Court[1], 660 F.Supp. 114, found that: (1) no material misrepresentations were made, and, even if there were misrepresentations, they did not contribute in a material way to Dr. Schaffer's death; (2) Liberty was estopped from denying coverage by reason of assurances that it made to induce Dr. Schaffer to replace two incontestable Metropolitan Life Insurance Company policies with Liberty Life policies; (3) Liberty did not rely on Dr. Schaffer's statements because it conducted an independent investigation; and (4) Dr. Schaffer's death was not accidental because he was sane at the time of his suicide. The court entered judgment on both policies for defendant beneficiaries and awarded them damages in the amount of $150,300[2] for Liberty's vexatious refusal to pay, but denied the counterclaim for accidental death benefits.
 
 
 3
 Both sides appeal. Liberty contends that the District Court did not apply the proper legal criteria to its misrepresentation claim; that it failed to consider Liberty's estoppel argument; and that it erred in awarding vexatious refusal damages against Liberty. Defendants' appeal urges that the District Court erred in ruling that Dr. Schaffer's death was not accidental. Because we find no error of fact or law, we affirm without discussion the District Court judgment as to Liberty's misrepresentation and estoppel arguments and defendants' accidental death claim. However, for the reasons set forth below, we reverse the award of vexatious refusal damages against Liberty.
 
 
 4
 In Missouri, insurers who refuse to pay claims "without reasonable cause" are liable for vexatious refusal. Mo.Rev.Stat. Sec. 375.420. The existence of a litigable issue, either factual or legal, does not preclude the statutory penalty where there is evidence the insurer's attitude was vexatious and recalcitrant.[3] See DeWitt v. American Family Mut. Ins. Co., 667 S.W.2d 700, 710 (Mo.1984) (en banc). See also Storhaug v. State Farm Fire & Casualty Co., 747 F.2d 443, 444 (8th Cir.1984).
 
 
 5
 We conclude that Liberty's refusal to pay was not without reasonable cause, nor was its attitude vexatious or recalcitrant. Based on our review of the record, it seems apparent that a legitimate question existed as to coverage. An insurer, acting in good faith, may insist on judicial determination of such questions without subjecting itself to vexatious refusal penalties. See United States v. F.D. Rich Co., 439 F.2d 895, 905 (8th Cir.1971). Further, Liberty promptly acknowledged defendants' claims and quickly dispatched investigators. On a number of occasions, the insurer advised defendants by telephone that their claims were being investigated. The claims were denied in approximately ninety days. Liberty's detailed and lengthy complaint thoroughly explained the reasons for the denial. In the circumstances of this case, we are satisfied that Liberty acted in good faith and that its refusal to pay defendants' claims was not without reasonable cause. Therefore, we reverse the District Court's award of damages for vexatious refusal.
 
 
 6
 The District Court primarily based its vexatious refusal damage award upon Liberty's failure to comply with Missouri's Unfair Practices and Frauds statutes, Mo.Rev.Stat. Secs. 375.930-.948, and the regulations promulgated thereunder. See, e.g., Mo.Code Regs. tit. 4, 190-10.060. We agree with the District Court that at least some technical violations of these regulations occurred. However, the record shows that the Director of Insurance, who has statutory responsibility for determining whether an insurance company has engaged in any unfair practices, was informed of Liberty's handling of defendants' claims but initiated no action. See Mo.Rev.Stat. Sec. 375.938. Cf. Tufts v. Madesco Inv. Corp., 524 F.Supp. 484, 486 (E.D.Mo.1981) (Missouri statute governing unfair insurance practices does not provide a private right of action). Even assuming technical violations, the facts and circumstances of this case clearly demonstrate that Liberty's refusal to pay was not willful or without reasonable cause and that its attitude was neither vexatious nor recalcitrant.
 
 
 7
 The award of vexatious refusal damages is reversed. In all other respects, the judgment of the District Court is affirmed.
 
 
 
 *
 The HONORABLE OREN HARRIS, Senior United States District Judge for the Eastern and Western Districts of Arkansas, sitting by designation
 
 
 [1]
 The late Honorable H. Kenneth Wangelin, United States District Judge for the Eastern District of Missouri
 
 
 [2]
 These damages included attorney fees
 
 
 [3]
 Older cases have held that Sec. 375.420 is inapplicable to declaratory judgment actions brought by an insurance carrier. See Hawkeye-Security Ins. Co. v. Davis, 277 F.2d 765, 771-72 (8th Cir.1960). However, statutory penalties have been allowed when, as in this case, the insured files a "cross-bill." City of New York Ins. Co. v. Stephens, 248 S.W.2d 648, 653 (Mo.1952)