**ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Plaintiff,**

v.

**SALVADOR BEAUTY COLLEGE, INC., Defendant.**

**Civ. No. 88–92–B.**

United States District Court, S.D. Iowa, C.D.

Feb. 28, 1990.

William F. Fanter, Bradshaw, Fowler, Proctor & Fairgrave, Des Moines, Iowa, for plaintiff.

Jerry R. Foxhoven, Des Moines, Iowa, for defendant.

## MEMORANDUM OPINION, RULING AND ORDER FOR JUDGMENT N.O.V.

VIETOR, Chief Judge.

After suffering jury verdicts in favor of plaintiff insurer St. Paul Fire and Marine Insurance Company, defendant insured Salvador Beauty College, Inc. has moved for judgment notwithstanding the verdict and, alternatively, for a new trial, which have been submitted on written briefs and oral arguments of counsel.

On August 30, 1987, at approximately 4:05 a.m., in Des Moines, Iowa, defendant's beauty college building and its contents were damaged severely by a fire. Defendant had insured the building and contents under a policy of insurance issued by plaintiff to defendant. Defendant made a claim for benefits under the policy, but its claim was denied by plaintiff. Plaintiff then brought this action alleging that the fire was caused by arson for which the insured was responsible and that the defendant violated policy provisions by willful concealment or misrepresentation of material facts in various particulars, and prayed that the policy be declared null and void.

The jury, by Special Verdict 1, found that plaintiff had proved by a preponderance of the evidence that Salvador Salgado or Laura Salgado, the president and manager respectively of defendant beauty college, intentionally started a fire that destroyed property of defendant which was insured by plaintiff, or arranged for somebody else to intentionally start the fire.[1] By Special Verdict 4 the jury found that Salvador Salgado knowingly and willfully concealed from plaintiff financial obligations owed by defendant to the Internal Revenue Service and local public utilities in order to deceive plaintiff about a material matter during plaintiff's investigation of the fire.

In general, a motion for judgment notwithstanding the verdict challenges the sufficiency of the evidence to support the jury's verdict. *Montgomery Ward & Co. v. Duncan,* 311 U.S. 243, 252, 61 S.Ct. 189, 194, 85 L.Ed. 147 (1940). In considering a motion for judgment notwithstanding the verdict, a court must apply the following standard:

> The evidence, together with all reasonable inferences to be drawn therefrom, must be considered in the light most favorable to the plaintiff, as the party prevailing with the jury. *Cleverly v. Western Electric Co.,* 594 F.2d 638, 641 (8th Cir.1979) (*Cleverly*). The court may not weigh the evidence or assess the credibility of witnesses. *Merrill Lynch, Pierce, Fenner & Smith v. First National Bank,* 774 F.2d 909 (8th Cir.1985). The motion must be denied if, reviewing the evidence in this light, reasonable persons could differ as to the conclusions to be drawn from it. *Cleverly,* 594 F.2d at

---

1. Curiously, the jury found by Special Verdicts 2 and 3 that plaintiff had failed to prove that either of the Salgados had intentionally caused the fire *and* then, during plaintiff's investigation of the fire, denied doing so in order to deceive plaintiff about a material matter. (There was uncontradicted evidence that each had denied to plaintiff that he or she had intentionally caused the fire.)

641. In other words, a motion for JNOV may be granted only when all the evidence points one way and is susceptible of no reasonable inferences sustaining the jury's verdict.

*Floyd v. Kellogg Sales Co.*, 841 F.2d 226, 228 (8th Cir.1988).

It is undisputed that the fire was the product of arson—it was intentionally set by somebody. It is also undisputed that at the time of the fire defendant was suffering severe financial difficulties. The parties disagree whether these undisputed facts are legally sufficient to support the jury's finding that plaintiff proved by a preponderance of the evidence that Salvador Salgado or Laura Salgado intentionally started the fire or arranged for somebody else to intentionally start the fire. Plaintiff cites cases that state that, in the absence of credible persuasive rebuttal evidence, evidence tending to show that the fire was of incendiary origin and that the insured had a motive for the arson, such as financial difficulties, is sufficient to permit a jury to find that the insured was responsible for the fire. *See, e.g., Joubert v. Travelers Indem. Co.*, 736 F.2d 191, 193 (5th Cir.1984); *Kelly v. Commercial Union Ins. Co.*, 709 F.2d 973, 976 (5th Cir. 1983); *Elgi Holding, Inc. v. Insurance Co. of N. Am.*, 511 F.2d 957, 959 (2d Cir.1975); *Goodwin v. Maryland Cas. Co.*, 233 F.Supp. 81, 83 (E.D. Okla.1964); *Sumrall v. Providence Washington Ins. Co.*, 221 La. 633, 60 So.2d 68 (1952); *Quast v. Prudential Property & Cas. Co.*, 267 N.W.2d 493, 495 (Minn.1978); *DeMarais v. North Star Mut. Ins. Co.*, 405 N.W.2d 507, 509 (Minn.Ct.App.1987). Defendant cites cases that state that such evidence alone is insufficient and that a jury verdict finding that the insured is responsible for the fire can be sustained only if there is additional unexplained surrounding circumstantial evidence implicating the insured. *Boone v. Royal Indem. Co.*, 460 F.2d 26, 29 (10th Cir.1972); *Erwin v. State Farm Fire & Cas. Co.*, 618 F.Supp. 1040, 1041 (E.D.Mo. 1985); *Mele v. All Star Ins.*, 453 F.Supp. 1338, 1341 (E.D.Pa.1978), *approved in Sperrazza v. Cambridge Mut.*, 313 Pa.Super. 60, 459 A.2d 409, 410–11 (1983); *Lawson v. State Farm*, 41 Colo.App. 362, 585 P.2d 318 (1978); *Southern Trust Ins. Co. v. Braner*, 169 Ga.App. 567, 314 S.E.2d 241 (1984); *Graves v. MFA Mut. Ins. Co.*, 446 S.W.2d 154, 158 (Mo.Ct.App.1969); *Britton v. Farmers Ins. Group*, 221 Mont. 67, 721 P.2d 303, 317 (1986).

In this diversity of citizenship case, Iowa law governs. The parties have not cited and the court cannot find an Iowa Supreme Court or Court of Appeals decision expressly adopting one rule or the other, so it becomes this court's duty to judicially "estimate" what the Iowa Supreme Court will decide when it does address the issue. *Heeney v. Miner*, 421 F.2d 434, 439 (8th Cir.1970).

The case of *Natalini v. Northwestern F. & M. Ins. Co.*, 219 Iowa 806, 259 N.W. 577 (1935), provides substantial guidance. The trial judge directed a verdict in favor of the insured and entered judgment in his favor against the two insurance companies that had insured his store's stock of merchandise and fixtures against fire loss. The Iowa Supreme Court held that the circumstances shown by the evidence were sufficient, by reasonable inference, to submit to the jury the question of the insured's connection with the fire and reversed. There was evidence from which the jury could find that the fire was of incendiary origin— evidence that there were three separate and distinct fires inside the building, two on the main floor and one in the basement. The evidence also showed that the insured took out a $3,000 policy with one insurance company in August of 1932, another $1,000 policy with a different company on October 3, 1932, that the fire occurred on February 3, 1933, and that the aggregate amount of insurance exceeded the value of the stock of merchandise and fixtures in the building at the time of the fire. The court noted that overinsurance is a circumstance tending to connect the owner with the fire, but that "overinsurance, in and of itself, would not be sufficient to warrant a finding that the insured caused the fire." 219 Iowa at 811, 259 N.W. 577. The court, however, noted that there was other circumstantial evidence and concluded that this additional

circumstantial evidence together with the overinsurance and evidence of arson was sufficient to submit the case to the jury.

■ Because the *Natalini* case concludes that overinsurance, in and of itself, is insufficient to permit a jury to find that the insured was the person who caused the fire to be set, and because the sounder rule, in my opinion, is the one that holds that there must be, in addition to evidence of arson and motive of any kind, other unexplained surrounding circumstantial evidence implicating the insured, it is my judicial estimate that the Iowa Supreme Court will adopt that rule when and if it is squarely presented with the question. Accordingly, I conclude that the jury verdict finding that plaintiff proved by a preponderance of the evidence that Salvador Salgado or Laura Salgado intentionally started the fire, or arranged for somebody else to intentionally start the fire, must be set aside and that judgment notwithstanding the verdict on that issue must be entered unless there was, at the trial, unexplained surrounding circumstantial evidence implicating Salvador Salgado or Laura Salgado.

■ Plaintiff points to circumstantial evidence which it contends implicates the Salgados. Plaintiff mentions what it calls the "quality of motive," contending that defendant did not just have debts but that "affirmative financial pressure" in a dynamic state was being applied to defendant about the time of the fire. Specifically, plaintiff cites foreclosure threats and argues that the "wolf" was not just in the street, but "at the door." Plaintiff cites no case authority to support this argument, and I am not persuaded that the Iowa Supreme Court would carve out a "quality of motive" exception to the rule that motive alone is insufficient.

Plaintiff relies on evidence about the physical nature of the fire which indicates that the arsonist planned well and intended that the fire totally destroy the property. I fail to see how this evidence suggests that the Salgados were, therefore, responsible for the arson. Most arsons, whether they be inside jobs or outside jobs, are planned and are intended to totally destroy. It should be noted that the fire at the beauty school had one origin, the front door, and the fire was lit from the outside. (There was evidence that some accelerants had been spread at places inside the building. The evidence, however, did not show that the building had not been broken into, so accelerants inside do not implicate the Salgados.)

Plaintiff suggests that another circumstance implicating the Salgados is that both of them lived about a ten minute drive from the beauty school and could have gone there to start the fire, and that neither had any alibi witnesses to testify that they were elsewhere at the time of the fire. There are probably tens of thousands of people who live within a ten minute drive of the beauty school, and no doubt a large share of them would be unable to produce an alibi witness for 4:05 a.m. on August 30, 1987. Both of the Salgados lived alone, so neither had a spouse or roommate to testify that they were at home at the time of the fire. The fact that the Salgados lived within ten minutes of the beauty college and produced no alibi witnesses is not a circumstance that in any way implicates them.

Plaintiff also contends that a circumstance implicating the Salgados is that there was no evidence that anybody else, save a person named Mike Jordan, had any motive to harm the Salgados or the beauty college. Circumstantial evidence implicating an insured means something more probative than a mere inability of the insured to prove that some other specific person had a motive to start the fire.

Barbara Lewis, Supervisor of Transportation at The Des Moines Register, discovered the fire while driving home and called "911" to report the fire. After calling, she returned to the scene of the fire. She observed a man in a white Corvette automobile at a public telephone within sight of the fire who sped off when the fire trucks approached. She also saw a man taking pictures of the fire. She thought he might be a Des Moines Register photographer and asked him if he was, but he said that he was not. He left shortly after the fire

trucks arrived. Plaintiff argues that the conduct of these people was suspicious, that they probably had something to do with the fire, and that this evidence is a circumstance that somehow implicates the Salgados. Plaintiff's counsel suggests that it is reasonable to believe that only an arsonist hired by an insured would want to take pictures of the fire. The logic of that reasoning eludes me, and I cannot conclude that the evidence about the photographer and the man who sped away in any way implicates the Salgados.

It is my conclusion that none of the evidence relied on by plaintiff, standing alone or in combination, constitutes circumstantial evidence implicating the Salgados or either of them. Accordingly, the jury's verdict on Form No. 1 will be set aside and judgment notwithstanding the verdict on the issue submitted in Verdict Form No. 1 will be entered.

It is also my conclusion that defendant is entitled to judgment notwithstanding Special Verdict 4.

In respect to Verdict Form No. 4, plaintiff proved that during its investigation of the fire Salvador Salgado was asked: "Did you have any other delinquent debts, either to the college or through the salon, or yourself personally, as of August 30, 1987? I mean other than these two U.F.S. delinquencies." Mr. Salgado answered: "Not to my knowledge. Everything is pretty current." Plaintiff proved that earlier in 1987 there was a payroll tax delinquency of over $13,000 and that sometime before August 30, 1987, there were delinquent obligations owed to local public utilities. Plaintiff offered no evidence as to the status of those matters on August 30, 1987, but now argues that the jury could reasonably infer that those debts were still in existence on August 30, 1987. I do not agree that plaintiff can satisfy its burden of proof merely by proving that debts existed before the date in question.

Defendant's motion for judgment notwithstanding the verdicts is granted. Special Verdict 1 and Special Verdict 4 are set aside and IT IS ORDERED that judgment be entered in favor of defendant and against plaintiff and dismissing plaintiff's complaint at its costs.