ST. PAUL FIRE & MARINE INSURANCE CO., Appellant,

v.

SALVADOR BEAUTY COLLEGE, INC., Appellee.

No. 90–1533SI.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 14, 1990.

Decided April 17, 1991.

William F. Fanter, Des Moines, Iowa, for appellant.

Jerry R. Foxhoven, Des Moines, Iowa, for appellee.

Before McMILLIAN and FAGG, Circuit Judges, and ARNOLD,[*] District Judge.

McMILLIAN, Circuit Judge.

St. Paul Fire & Marine Insurance Co. (plaintiff) appeals from a final order entered in the District Court[1] for the Southern District of Iowa granting judgment notwithstanding the verdict in favor of Salvador Beauty College, Inc. (defendant). *St. Paul Fire & Marine Insurance Co. v. Salvador Beauty College, Inc.,* 731 F.Supp. 348 (S.D.Iowa 1990) (memorandum opinion). For reversal, plaintiff argues the district court erred in holding that (1) under Iowa law, evidence that the fire was of incendiary origin and that the insured had a motive for the arson was not sufficient to support the special verdict that plaintiff had proved by a preponderance of the evidence that the insured was responsible for the fire, (2) even assuming additional unexplained surrounding circumstantial evidence implicating the insured is required, there was such evidence in the record, and (3) there was insufficient evidence to support the special verdict that Salvador Salgado, the president of defendant, had made material misrepresentations about his financial condition to plaintiff's investigators during the investigation of the fire. For the reasons discussed below, we affirm the order of the district court.

## DISTRICT COURT PROCEEDINGS

Salvador Salgado and his sister, Laura Salgado, were the president and manager, respectively, of defendant. On August 30, 1987, at about 4:05 a.m., defendant's building and its contents were severely damaged by a fire. Plaintiff had insured the building and its contents under a policy of insurance. Defendant made a claim for benefits under the policy, but plaintiff denied the claim.

Plaintiff then filed this action for declaratory judgment, alleging that the fire had been caused by arson for which defendant was responsible and that Salvador Salgado had made material misrepresentations during the investigation of the fire. It was undisputed that the fire was of incendiary origin. It was also undisputed that both Salvador Salgado and defendant were in serious financial difficulty at the time of the fire. The case was submitted to the jury. The jury returned inconsistent special verdicts, finding that Salvador or Laura Salgado had intentionally started the fire or arranged for someone else to start the fire, neither Salvador or Laura Salgado had intentionally caused the fire, neither Salvador or Laura Salgado had lied to plaintiff's investigators about whether each had intentionally caused the fire, and Salvador Salgado had made material misrepresentations about his financial condition to plaintiff's investigators during the investigation of the fire.

Defendant filed a motion for judgment notwithstanding the verdict or, in the alternative, for new trial. The district court concluded that Iowa law was applicable in this diversity case but found no controlling Iowa precedent. After reviewing the conflicting case law from other jurisdictions, the district court decided that the Iowa Supreme Court would hold that "there must be, in addition to evidence of arson and motive of any kind, other unexplained surrounding circumstantial evidence implicating the insured." 731 F.Supp. at 351, *citing Natalini v. Northwestern Fire & Marine Insurance Co.,* 219 Iowa 806, 811–12, 259 N.W. 577, 579–80 (1935) (*Natalini*). In *Natalini* the Iowa Supreme Court held that evidence of incendiary origin and over-

---

[*] The Honorable Morris S. Arnold, United States District Judge for the Western District of Arkansas, sitting by designation.

1. The Honorable Harold D. Vietor, Chief Judge, United States District Court for the Southern District of Iowa.

insurance, plus other circumstantial evidence, including no evidence of breaking or entering and the fact that the insured did not resume his business after the fire, was sufficient to submit to the jury the question of the insured's connection with the fire. *Id.* The district court then rejected plaintiff's claim that there was other circumstantial evidence which proved that the Salgados, either individually or jointly, were responsible for the fire. 731 F.Supp. at 351–52 (nature or quality of motive, physical nature of fire, proximity to fire and lack of alibi, no proof that anyone else had a motive). The district court also found that the special verdict that Salvador Salgado had made material misrepresentations about his financial condition to plaintiff's investigators during the investigation of the fire was not supported by sufficient evidence. *Id.* at 352. The district court granted defendant's motion for judgment notwithstanding the verdict, and this appeal followed.

## SUFFICIENCY OF THE EVIDENCE

■ Plaintiff first argues the district court erred in holding that, under Iowa law, evidence that the fire was of incendiary origin and that the insured had a motive for the arson was not sufficient to support the special verdict that plaintiff had proven, by a preponderance of the evidence, that the insured was responsible for the fire. Plaintiff argues that the district court read the *Natalini* case too broadly and that *Natalini* held only that proof of overinsurance alone is not sufficient to warrant a finding that the insured caused the fire. 219 Iowa at 811, 259 N.W. at 579. Plaintiff notes that numerous other jurisdictions hold that proof of incendiary origin and proof that the insured had a motive for arson, particularly poor financial condition, are sufficient to support a jury finding that the insured caused the fire or arranged for someone else to set the fire. *See, e.g., DeMarais v. North Star Mutual Insurance Co.,* 405 N.W.2d 507, 509 (Minn.Ct. App.1987) (proof of incendiary nature and evidence of motive held sufficient to support jury verdict that insured caused the fire).

As noted by the district court, case law is divided over whether proof of incendiary origin and proof of a motive for arson, such as financial difficulties, are sufficient, as a matter of law, to support a jury finding that the insurer proved by a preponderance of the evidence that the insured was responsible for the fire. 731 F.Supp. at 350 (cases cited). *Compare Joubert v. Travelers Indemnity Co.,* 736 F.2d 191, 193 (5th Cir.1984) (Louisiana law; evidence that fire was of incendiary origin and insured had motive for arson held sufficient to permit finding that insured was responsible for fire), *with Boone v. Royal Indemnity Co.,* 460 F.2d 26, 29 (10th Cir.1972) (Colorado law; evidence that fire was of incendiary origin and insured had motive for arson held insufficient to permit finding that insured was responsible for fire; "additional unexplained surrounding circumstantial evidence implicating insured" held necessary to support finding that insured was responsible for fire). We have reviewed de novo the district court's determination of state law. *See Salve Regina College v. Russell,* — U.S. ——, —— ——, 111 S.Ct. 1217, 1221–22, 113 L.Ed.2d 190 (1991). We find "the district court's analytical sophistication and research have exhausted the state-law inquiry." *Id.* at ——, 111 S.Ct. at 1221. We adopt the analysis of the district court on this issue and hold that, if presented with the issue, the Iowa Supreme Court would adopt the rule requiring, in addition to proof of incendiary origin and motive, unexplained surrounding circumstantial evidence implicating the insured in order to support a jury finding that the insured was responsible for the fire.

## OTHER CIRCUMSTANTIAL EVIDENCE

■ Plaintiff argues in the alternative that, even if Iowa law requires additional unexplained surrounding circumstantial evidence implicating the insured in the fire, the district court erred in holding that the circumstantial evidence was not sufficient to connect one or both of the Salgados with

the fire. Circumstantial evidence showed that defendant's financial problems became most severe immediately before the fire, the fire had been set in such a way as to completely destroy the building, and both Salgados lived close to the building and neither had an alibi for the time of the fire. Plaintiff argues that this circumstantial evidence, in addition to proof of incendiary origin and proof the insured had a financial motive for arson, was sufficient to implicate one or both of the Salgados in the fire.

"The granting of a motion for judgment notwithstanding the verdict is appropriate 'only if the evidence points all one way and is susceptible of no reasonable inferences sustaining the position of the nonmoving party.'" *Glass Design Imports, Inc. v. Import Specialties*, 867 F.2d 1139, 1142 (8th Cir.1989) (citation omitted); *see Dace v. ACF Industries, Inc.*, 722 F.2d 374, 375–76 (8th Cir.1983). Viewing the evidence in the light most favorable to plaintiff as the party which prevailed with the jury and giving plaintiff the benefit of all reasonable inferences to be drawn from that evidence, we agree with the district court that the other circumstantial evidence was not sufficient to support the special verdict that one or both of the Salgados caused the fire or arranged for someone else to set the fire. That defendant and Salvador Salgado were in debt was circumstantial evidence that defendant had a financial motive for arson, but it did not implicate either Salgado in the arson. Similarly, the apparently professional manner in which the fire had been set was circumstantial evidence that the fire was arson; but it did not implicate either Salgado in the arson. The fact that each of the Salgados lived alone, within a 10 minute drive of the building, and could not produce an alibi witness for 4:00 a.m. arguably implicated thousands of similarly situated individuals in the metropolitan area, but those facts did not implicate either Salgado in the arson. Moreover, there was evidence in the record that defendant and Salvador Salgado had been in precarious financial condition for some years, the building had been recently remodeled, and

student enrollment had been increasing at the time of the fire. There was also evidence that two men had been seen behaving suspiciously at the scene of the fire, but no evidence connected either man with the Salgados.

MATERIAL MISREPRESENTATION

Plaintiff also argues the district court erred in holding that the evidence was insufficient to support the special verdict that Salvador Salgado had materially misrepresented his financial condition during the investigation of the fire. We disagree. During the investigation Salvador Salgado was asked whether he, defendant or his beauty salon had "any other delinquent debts" as of August 30, 1987, the date of the fire. He answered, "Not to my knowledge. Everything is pretty current." Plaintiff argues that this answer was a material misrepresentation because it had proven that, earlier in 1987, Salgado owed money for back payroll taxes and to the local utility company. However, as noted by the district court, the evidence in the record established only that those debts had existed at some time before August 30, 1987; it did not prove that those debts were still in existence on August 30, 1987. 731 F.Supp. at 352. Absent evidence that those debts were still in existence on August 30, 1987, the evidence in the record could not prove that Salvador Salgado's answer constituted a material misrepresentation of his financial condition as of that date.

Accordingly, the order of the district court is affirmed. *See* 8th Cir.R. 47B.