No. 96-1398NI

Gary Ellensohn,

      Appellant,

  v.

American Family Mutual
Insurance Company,

      Appellee.

Donald Ellensohn,

      Appellant,

  v.

American Family Mutual
Insurance Company,

      Appellee.

Appeal from the United States
District Court for the Northern
District of Iowa.

[PUBLISHED]

Submitted: September 13, 1996

Filed: September 23, 1996

Before FAGG, LAY, and MURPHY, Circuit Judges.

PER CURIAM.

Theophil Miller sued Gary and Donald Ellensohn for intentional infliction of emotional distress, alleging the Ellensohns tried to cheat Miller, a man they knew was mentally retarded, out of part of his soybean crop. The Ellensohns asked their insurer, American Family Mutual Insurance Company (AFM), to defend and indemnify them under their separate but apparently identical liability policies. AFM denied coverage and refused to defend. The Ellensohns settled

with Miller, and then brought this breach of contract action against AFM. After trial on stipulated facts, the district court entered judgment for AFM because the Ellensohns' allegedly fraudulent conduct was not a covered "occurrence" under their policies and because a policy exclusion applied. The Ellensohns appeal, and we affirm.

Iowa law controls this diversity action. Saint Paul Fire & Marine Ins. Co. v. Salvador Beauty College, Inc., 930 F.2d 1329, 1330 (8th Cir. 1991). Under Iowa law, an insurer has "no duty to defend unless there is a duty to indemnify." Yegge v. Integrity Mut. Ins. Co., 534 N.W.2d 100, 102 (Iowa 1995). Hence we need only decide whether AFM breached any duty to pay on the Ellensohns' claim. The scope of AFM's duty is determined by the policies' insuring and exclusionary clauses. Ide v. Farm Bureau Mut. Ins. Co., 545 N.W.2d 853, 857 (Iowa 1996). If the Ellensohns' claim is not within any insuring clause, the analysis stops there. Id.

The relevant insuring clause requires AFM to pay damages its insured becomes obligated to pay because of harm caused by an occurrence. The policies define "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." The Ellensohns admit in their brief that their conduct giving rise to Miller's claims was not accidental. They nevertheless contend their conduct is covered because they did not intend or expect to injure Miller. See First Newton Nat'l Bank v. General Cas. Co. of Wis., 426 N.W.2d 618, 624-25 (Iowa 1988); West Bend Mut. Ins. Co. v. Iowa Iron Works, Inc., 503 N.W.2d 596, 600-01 (Iowa 1993). These cases, however, interpret policies that define "occurrence" as "an accident . . . which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured." First Newton, 426 N.W.2d at 624-25; West Bend, 503 N.W.2d at 600. By contrast, the Ellensohns' policies define "occurrence" simply as "an accident." Because the Ellensohns candidly acknowledge their own

actions did not constitute accidental conduct, we conclude their conduct was not a covered "occurrence" under their policies with AFM. See also Yegge, 534 N.W.2d at 102-03 & n.3 (no occurrence where policy defines "occurrence" as "accident" and insured's behavior was not "accidental conduct").

Even if First Newton and West Bend controlled the interpretation of "occurrence" as defined in the Ellensohns' policies, and thus required intent to injure to sustain AFM's denial of coverage, this intent could be inferred from the nature of the Ellensohns' conduct "and the accompanying reasonable foreseeability of harm." Altena v. United Fire and Cas. Co., 422 N.W.2d 485, 488 (Iowa 1988). To borrow the district court's phrase, Miller's complaint alleges the Ellensohns knowingly duped a retarded man and stole his soybeans. From this conduct and the foreseeability of Miller's mental distress, we would infer intent to injure as a matter of law.

Because AFM has no duty to pay claims outside the scope of the policies' insuring clauses, we affirm the judgment of the district court without considering the policies' exclusionary clauses.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-