Ronald G. TONEY and Theresa A. Toney, Plaintiffs–Appellants,

v.

BLACK HAWK MUTUAL INSURANCE ASSOCIATION, Defendant–Appellee,

and

Grinnell Mutual Insurance Company, Defendant–Appellee.

No. 96–2250.

Court of Appeals of Iowa.

June 24, 1998.

Beth E. Hanson and Robert L. Ford of Swisher & Cohrt, P.L.C., Waterloo, for plaintiffs–appellants.

Diane Kutzko and Steven J. Pace of Shuttleworth & Ingersoll, P.C., Cedar Rapids, for defendant–appellee.

Heard by SACKETT, P.J., and STREIT and MAHAN, JJ.

STREIT, Judge.

Toneys appeal the trial courts judgment dismissing their claim against their insurance company for breach of contract. The insurance company refused to pay benefits under the policy for loss due to fire claiming the Toneys intentionally caused the fire. Because substantial evidence supports the trial courts decision, we affirm.

## I. Background Facts & Proceedings.

In 1987, plaintiffs Ronald and Theresa Toney bought a house in LaPorte City. At the same time, they purchased hazard insurance for the house from defendant, Black Hawk Mutual Insurance Association. The coverage under the policy was $30,000 for the house, $15,000 for personal property, and $3000 for the garage. The policy had an exclusion for losses intentionally caused by the insureds.

In February 1994, the Toneys house caught fire. The Toneys were not in the house at the time. Witnesses gave conflicting accounts on Ronalds location at the time of the fire. There is evidence the Toneys had been experiencing financial difficulties.

Although local and state authorities decided the fire was accidental, Black Hawk Mutual and Grinnell Mutual Reinsurance Company (Black Hawk Mutuals reinsurer) concluded the fire was the result of arson by the Toneys and denied the Toneys claim under their policy.

The Toneys filed suit against Black Hawk Mutual and Grinnell Mutual asserting breach of contract for failure to pay for the Toneys losses from the fire. After a bench trial, the district court entered a judgment for Black Hawk Mutual on the Toneys breach of contract claim. The Toneys filed a 179(b) motion which was denied. Toneys appeal.

## II. Standard of Review.

■ Law actions are reviewed for correction of errors. Iowa R.App. P. 4. The facts as found by the court have the force of a special verdict and the appellate court is bound by the findings if they are supported by substantial evidence. Iowa R.App. P. 14(f)(1). Evidence is substantial if a reasonable mind could find it adequate to reach the same findings. *Jones v. Lake Park Care Center, Inc.*, 569 N.W.2d 369, 372 (Iowa 1997).

## III. Evidence Sufficient to Implicate an Insured as Arsonist.

■ Where an insurance policy excludes coverage for acts committed by or at the direction of an insured, an intentional act by the insured bars coverage. *See Vance v.*

*Pekin Ins. Co.*, 457 N.W.2d 589, 593 (Iowa 1990).

■ Plaintiffs argue the trial court based its ruling the Toneys intentionally burned down their house solely on evidence they had motive to do so. If true, the trial courts ruling was contrary to the law set out in *St. Paul Fire & Marine Ins. Co. v. Salvador Beauty College, Inc.*, 731 F.Supp. 348 (S.D.Iowa 1990).

In *St. Paul Fire*, the federal court determined there must be evidence of other unexplained surrounding circumstantial evidence in addition to evidence of motive to implicate the insured with arson. *Id.* at 351. No matter how strong the evidence of the insureds motive to commit arson, alone, such evidence is insufficient to support a finding the insured committed the arson. *Id.* Because the federal courts holding is consistent with Iowa law, we adopt the rule articulated in *St. Paul Fire* as the law of Iowa.

■ In assessing whether other circumstantial evidence implicates the insured with the arson the court will look at: (1) whether the property was overinsured; (2) the incendiary nature of the fire; (3) the insureds access to the premises; (4) evidence of breaking and entering or burglary; (5) other unexplained circumstances implicating the insured. *See Natalini v. Northwestern F. & M. Ins. Co.*, 219 Iowa 806, 812, 259 N.W. 577 (1935).

### IV. Evidence Implicating the Toneys.

■ In light of the above law, we assess whether the trial courts finding the Toneys started the fire was supported by substantial evidence on the record. *See Jones,* 569 N.W.2d 369 at 372.

The trial court found Toneys had a motive to burn down their house. The Toneys were having trouble supporting their family. Theresa was receiving government assistance and Ronald was receiving unemployment benefits. They owed considerable debts including arrearages for child support, personal debts, the balance of their real estate contract, and the debts on their automobiles. The house was overinsured. Receipt of the insurance proceeds would have nearly doubled the Toneys net worth.

Contrary to the argument of the plaintiff, however, the trial courts ruling was also based on evidence other than motive. Several investigators concluded the fire was not accidental. Their investigation eliminated any accidental causes of the fire and identified positive indicators of arson. There was an oddly large number of aerosol cans containing accelerants in the kitchen where the fire originated. There was no forced entry into the dwelling or evidence of burglary. Ronald Toney had locked the door when he left and plaintiffs were the only persons who had keys to the house. The night of the fire the whole Toney family had gone to spend the evening in Belle Plain. This was not a regular practice. There is also great confusion with respect to Ronald Toneys whereabouts around the time the fire was ignited. The testimony of his alibis was conflicting, overlapping, and inconsistent; placing Ronald Toney in two places at once.

These facts sufficiently constitute unexplained surrounding circumstantial evidence under the rules set out in *St. Paul Fire* and *Natalini.* Because the trial courts ruling the Toneys intentionally started the fire is supported by substantial evidence, we affirm. The trial court correctly determined the Toneys were not entitled to recover for their losses under the terms of the policy. *See Vance,* 457 N.W.2d at 593.

**AFFIRMED.**